IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER,

                Plaintiff,                OPINION AND ORDER

v.

                                          22-cv-257-wmc

THE CHURCH OF PRISMATIC
LIGHT, TIFFANY WAIT,
KATRINA ROSE WOLFF,
JERI CLARK, and IDA HAMILTON,

                Defendants.

---

Less than three weeks ago (and just 17 days after he filed his original complaint on May 9, 2022), the court granted *pro se* plaintiff Heru Spencer expedited leave to proceed on claims against the above-named defendants under the Lanham Act and Wisconsin common law for using "The Church of Prismatic Light" as the name of their religious organization, which plaintiff alleges he used first for one of his own churches and recently applied to trademark. (Dkt. #7.) At the same time, the court rejected plaintiff's motion for a temporary restraining order ("TRO") and directed defendants to respond with 21 days of service of his motions for a preliminary injunction ("PI") and this court's order.

This order addresses several issues that have arisen as plaintiff continues to paper this case with random filings, including additional allegations, proposed exhibits, and various, seemingly random internet screen shots, video postings and messages that he attributes to one or more of the defendants. To begin, the court will deny plaintiff's renewed TRO motion. (Dkt. #9.) Moreover, the court will clarify the *current* scope of defendants' obligation to respond to plaintiff's still-pending requests for a preliminary injunction if service can be accomplished. (Dkt. ##4, 6.) Finally, the Marshals' initial

attempt at service on defendants has been unsuccessful. (Dkt. #11.) Having received updated address information from plaintiff, the court will direct the clerk's office to issue further summonses and direct the U.S. Marshals to attempt service on defendants a second time.

## I. Plaintiff's Multiple Requests for Preliminary Relief

In addition to his proposed complaint filed on May 9, 2022, plaintiff has now filed three, separate motions seeking preliminary relief. (Dkt. ##4, 6, 9.) Briefly, for context, plaintiff alleges that as of April 2022, defendants have infringed on his intellectual property rights in the name "The Church of Prismatic Light" ("TCPL") by using it for their church online and on social media, as well as by creating and selling related merchandise. (Dkt. #1 at 2.) Plaintiff further alleges that: (1) he was the one who created a church with that name in May 2020; (2) he has been using that name, along with two other names, for his church since that time; and (3) he has filed a trademark application for the name.[1] (*Id.*) In plaintiff's first motion seeking a TRO and PI filed just two days after his complaint on May 11 (dkt. #4), with a signed affidavit declaring the motion's contents as true (dkt. #5), plaintiff asserts that he told defendants about his idea for a church with that name in February or March 2021, yet they are now using his church's name to fundraise on social media, causing public confusion and plaintiff's church to lose donations and followers. As a result, he sought preliminary relief that not only would require defendants to stop using the TCPL name, but would also require (1) both sides to refrain from defaming each other

---

[1] A more detailed explanation of plaintiff's allegations in his original complaint can be found in the court's screening order. (Dkt. #7.)

2

publicly and (2) defendants to preserve relevant records in their possession. (Dkt. #4.) In his second motion, dated May 23, 2022, plaintiff restates that defendants (and specifically, Wait) are using his church's name to gather followers and raise funds, resulting in lost donations and followers for his church; he also adds that defendant Wait has publicly "slandered" and "defamed" him and his various organizations, that her social media followers have threatened him, and that his and his organizations' reputations are ruined. (Dkt. #6 at 4.) In addition to screening his complaint to proceed, the court considered plaintiff's then, two pending motions for preliminary relief. Although the court denied plaintiff a TRO, it reserved on his requests for an injunction, directing defendants to respond within 21 days of service. Before service of the complaint could even be accomplished, however, plaintiff had already filed another TRO request renewing the same concerns regarding slander and defamation, along with other videos and correspondence. (Dkt. #9.)

As an initial matter, the court recognizes that litigation is often challenging for *pro se* parties, but plaintiff's piecemeal filings serve to only confuse his pending claims and the issues now properly before the court. As explained in the court's screening order, plaintiff has only been authorized to proceed on his trademark claims under the Lanham Act and Wisconsin common law. As acknowledged in that order, plaintiff's second motion for preliminary relief contains allegations of online harassment, slander, and threats (dkt. #7 at 2), but the court did *not* grant plaintiff leave to proceed on any claims based on those allegations. Similarly, in directing defendants to respond to plaintiff's requests for a PI, the court noted trademark-related allegations: (1) that plaintiff used the name first and has been using it for two years; (2) that he told defendants in February or March of 2021

3

about his having conceived and use of the name as a church; (3) that defendants began using the name online for a church in April 2022, causing pubic confusion; (4) that plaintiff applied for a trademark on the name in May 2022; and (5) that his organization has lost donations, lost followers, and experienced irreparable reputational harm. (Dkt. #7 at 8.) Regardless, to the extent its leave to proceed order was unclear to *any* party on this point, defendants need to respond within 21 days of service of the complaint, the court's order and related materials to plaintiff's requests for an injunction only insofar as they relate to his trademark claims already screened to proceed. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (preliminary injunction requires "showing some likelihood of succeeding on the merits" of underlying claim).

In contrast, the scope of plaintiff's renewed motions for injunctive relief and voluminous "supporting" submissions have increasingly strayed from the trademark-related allegations that underlie the claims on which he was approved to proceed. To the extent plaintiff means to pursue additional claims for slander, defamation and threats in this lawsuit, he will need to move for leave to amend and attach a clearly labeled, *proposed* amended complaint that includes *all* of his factual allegations in *one* document, setting legal arguments aside and focusing on a timeline of material events and the specific actions taken by each defendant that plaintiff believes violated his rights. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that complaints "initiate the litigation," and "legal arguments come later"). The court can then screen plaintiff's proposed amended complaint and determine what claims may proceed further. At that point, plaintiff may then also move for additional, preliminary injunctive relief based on those additional claims, *provided*

4

he follows the court's procedures for obtaining injunctive relief referenced in its leave to proceed order, and a copy of which the court will again attach to this order.[2]

Turning to plaintiff's renewed motion for a TRO, the court will again deny it, as it will all requests for relief related to non-trademark claims. As plaintiff now knows, a TRO "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation marks and citations omitted). Here, plaintiff neither indicates which defendants have even been notified of his request for relief, nor why the court should consider his motion *ex parte*. Regardless, plaintiff's request for additional preliminary relief is based on defendants' alleged "slandering" and "defam[ing]" him and his organization online, requiring them to take down all such videos, messages and other materials *as well as* to stop using the TCPL name. (Dkt. #9.) As noted in the court's leave to proceed order, at least some of the relief plaintiff seeks would seem to extend beyond the brevity of a TRO. *See* Fed. R. Civ. P. 65(b)(2) (a TRO expires after at most 14 days unless the court extends that time for good cause or the adverse party consents to an extension). The court acknowledges the urgency plaintiff feels, but even assuming all these allegations are sufficiently related to the claims on which plaintiff is proceeding, a TRO granting immediate relief is a drastic, rarely imposed remedy that plaintiff falls far short of adequately supporting in a one-page motion that does not even specify what statements defendants have allegedly made that plaintiff believes are

---

[2] The court will also attach copies of samples of properly pleaded factual allegations, claims and proposed findings of fact for reference should plaintiff wish to expand his claims against the specified defendants in this lawsuit, as well as seek broader preliminary relief.

slanderous or defaming. *See* Fed. R. Civ. P. 65(b)(1)(A) (authorizing a court to issue a TRO without written or oral notice to the adverse party only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard").[3]

Finally, while as a general matter a party may fail to satisfy the criteria for an *ex parte* TRO and still be entitled to a preliminary injunction, plaintiff has not followed the court's aforementioned procedures of which he is aware from the court's leave to proceed order, including the requirement that he submit individual, proposed findings of fact, with citations to his supporting record evidence where appropriate, for the court to consider and defendants to respond. The court will, therefore, again deny plaintiff immediate injunctive relief, but continue to reserve on the question of a preliminary injunction based on plaintiff's approved *trademark* claims until defendants are properly served and respond.

## II. Service on Defendants

In addition, because plaintiff is proceeding *in forma pauperis*, the court directed the U.S. Marshals to serve defendants on plaintiff's behalf. (Dkt. #7 at 9.) In his submissions, however, plaintiff provided a single Oklahoma business address for all defendants. On June 9, 2022, the U.S. Marshals Service based in Oklahoma returned the summonses as

---

[3] The cover letter submitted with plaintiff's exhibits sheds little, additional light on his claims. (Dkt. #10.) In it, plaintiff indicates that defendants "slander, defame and libel me and the religious organization" in certain videos without identifying the specific offending defendants or their statements. Another video actually shows defendant Wait instructing her followers *not* to harass plaintiff. The remainder concern media appearances Wait has or will soon make as a representative of the church to the detriment of plaintiff's claim to the church name. (*Id.*) Without factual allegations linked to *specific* parts of any relevant exhibit and an explanation as to what each purports to show, as well as how they support plaintiff's assertions of irreparable reputational or other harm, plaintiff cannot meet his high burden for obtaining any preliminary injunctive relief.

unexecuted (dkt. #11), explaining that defendant The Church of Prismatic Light has stopped using that address and the Marshals have been unable to locate or serve any of the individual defendants. The next day, plaintiff provided an updated address for the church, as well as for defendant Wait. Accordingly, the court will direct the clerk's office to reissue appropriate summons and the direct Marshals to attempt service on defendants a second time.

ORDER

IT IS ORDERED that:

1) Plaintiff Heru Spencer's renewed motion for a temporary restraining order (dkt. #9) is DENIED.

2) Defendants may still have twenty-one days from the date of service to respond to plaintiff's motions for a preliminary injunction (dkt. ##4, 6) as they relate to his pre-screened trademark claims, but the remainder of those motions are DENIED IN PART WITHOUT PREJUDICE to renewal to the extent based on non-trademark claims, including slander, defamation or threats.

3) The clerk's office shall again prepare appropriate summons and the U.S. Marshal Service shall attempt diligently service upon defendants.

4) Further filings not plainly relating to the screened and approved trademark claims will be deemed MOOT unless and until approved to go forward by this court.

Entered this 14th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge