UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HERU SPENCER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 22-CV-257 |
| v. ) | |
| ) | |
| THE CHURCH OF PRISMATIC LIGHT, ) | |
| TIFFANY WAIT, ) | |
| KATRINA ROSE WOLFF, ) | |
| JERI CLARK, and ) | |
| IDA HAMILTON, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants the Church of Prismatic Light ("CPL") and Tiffany Wait ("Wait") (together, "Defendants")[1], respond as follows to Plaintiff's Motion for Preliminary Injunction ("Motion").

## INTRODUCTION

Plaintiff's Motion for Preliminary Injunction must be denied. There is a well-established four factor test for determining whether to issue a preliminary injunction. The movant bears the burden of persuasion with regard to each factor, and failure to meet any of them must result in denial of the requested injunction. The movant also bears the burden of complying with this Court's procedural rules for injunctive relief. If the movant fails to meet either its procedural or substantive obligations, then the Court may deny the motion for preliminary injunction.

---

[1] Defendants Katrina Rose Wolff, Jeri Clark, and Ida Hamilton have not been served in this case yet. (*See* EFC No. 15.)  Tiffany Wait signed for all listed Defendants, however, these Defendants did not authorize such acceptance, nor did the United States Marshals Service serve their residences. (*Id.*)

1

Plaintiff failed to follow the procedural requirements established by this Court. Plaintiff similarly has not fulfilled his burden of persuasion as to more than one of the four factors. Because of these procedural and substantive deficiencies, Defendants respectfully request that the Court deny Plaintiff's Motion.

## ARGUMENT

### I. PLAINTIFF HAS NOT COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR A MOTION FOR PRELIMINARY INJUNCTION.

The moving party must comply with this Court's local rules of procedure for preliminary injunctions: PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF[2]. The Court provided Plaintiff with a copy of the required procedure, noting that Plaintiff "has not followed this court's procedures for motions for injunctive relief . . . ." (ECF No. 7 at 8.)

Courts often deny motions for injunctive relief when the movant fails to comply with the required procedure, even when the movant is *pro se*. *See, e.g., Brown v. Walker*, 2019 WL 413570, at *1 (W.D. Wis. Feb. 1, 2019) ("I will deny the motion. [Plaintiff] does not comply with this court's procedures to be followed on motions for injunctive relief."); *Aponte v. Dr. Suliene*, 2016 WL 727228, at *1 (W.D. Wis. Feb. 23, 2016) (denying the motion for injunctive relief where *pro se* plaintiff did not follow this court's procedure on motions for injunctive relief); *Mitchell v. Price*, 2014 WL 6982280, at *2 (W.D. Wis. Dec. 10, 2014) (denying the motion for temporary restraining order where pro se plaintiff failed to comply with the required procedures).

---

[2] https://www.wiwd.uscourts.gov/sites/default/files/Injunctive_Relief.pdf.

Plaintiff has failed to follow any of the procedural rules for filing a motion for injunctive relief. Under these procedures, the moving party must file with the court and serve on Defendants a stipulation of facts or proposed findings of fact supporting the injunction, any evidence he has to support those findings and his request for relief, and a brief in support of the request. *See Brown*, 2019 WL 413570, *1. Plaintiff has failed to meet any of these procedural requirements. He has not submitted a stipulation or statement of proposed facts, nor has he presented a set of factual propositions that are necessary to decide the motion in his favor. Further, he has not submitted a brief supporting his factual or legal position supporting the Motion. Plaintiff's non-compliance with the procedural rules has forced Defendants to attempt to respond to unclear and unsupported claims. These deficiencies alone support denying the Motion.

## II.  PLAINTIFF HAS NOT MET THE STANDARD FOR A PRELIMINARY INJUNCTION.

### a. The applicable legal standard for a preliminary injunction.

Further, Plaintiff has not met the standard for a preliminary injunction. In order to meet the standard for a preliminary injunction, Plaintiff must demonstrate: (1) that he has a reasonable likelihood of success on the merits and (2) that he has no adequate remedy at law and that he would suffer irreparable harm without preliminary relief. *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020); *Sysco Food Servs. of E. Wis., LLC v. Ziccarelli*, 445 F. Supp. 2d 1039, 1055 (E.D. Wis. 2006). If Plaintiff makes the threshold showing of satisfying these elements, he must then show that: (3) the harm he would suffer without the injunction would outweigh the harm that Defendants would suffer if the injunction were granted; and (4) the public interest would not be negatively affected by the injunction. *Tully*, 977 F.3d at 613.

The standard for obtaining a preliminary injunction is "exacting." *Hedgespeth v. Bartow*, 09-CV-246-SLC, 2009 WL 3617485 (W.D. Wis. Oct. 29, 2009); *see also Roland Mach. Co. v.*

*Dresser Indus. Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) ("Granting a preliminary injunction involves the exercise of a very far-reaching power and is never to be indulged in except in a case clearly demanding it.")  A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L.Ed.2d 162 (1997) (internal citations omitted)).  "[A]n injunction requiring an affirmative act by the defendant" must be "cautiously viewed" and granted only "sparingly." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

Plaintiff has failed to establish these elements by any standard, much less the "exacting" standard required.

### a. Plaintiff will not suffer irreparable harm if his request for preliminary injunction is not granted.

Without evidence of irreparable harm or inadequate remedy at law, there is no basis to grant the preliminary injunction sought.  Even if Plaintiff could show any likelihood of success on the merits, he still would not be entitled to a preliminary injunction. *See Abbott Laby's v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) (noting that to obtain a preliminary injunction, movant must establish irreparable harm and demonstrate some likelihood of success on the merits and "if the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied"); *Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300–01 (7th Cir. 1997) ("if the movant does not make the requisite showings on either of these two factors [irreparable harm and likelihood of success], the court's inquiry into the balance of harms is unnecessary, and the [injunction] should be denied without further analysis.").

To show irreparable harm in the absence of preliminary relief, the movant must show that it will suffer harm that cannot be prevented or fully rectified by the final judgment after trial. *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 478 (7th Cir. 2001). "Only if [the movant] will suffer irreparable harm in the interim—that is, harm that cannot be prevented or fully rectified by the final judgment after trial—can he get a preliminary injunction . . . . The question is [ ] whether the [movant] will be made whole if he prevails on the merits and is awarded damages." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). That is, the notion of irreparable harm looks at whether there would be a harm to the moving party that a court would be unable to remedy even if the movant would prevail in the final adjudication. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).

Establishing irreparable harm "is an exceedingly high burden." *AC Media Grp. v. Macchia*, 2020 WL 109789, at *3 (E.D. Wis. Jan. 9, 2020). The movant must show not simply that obtaining money damages at judgment will be "inadequate"—it must show that they will be "seriously deficient as a remedy for the harm suffered." *Id.* Further, the Supreme Court has emphasized that a movant must do more than show a possibility that irreparable harm may occur; it must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). Where a movant will not incur losses so great as to threaten its solvency and where its losses will be largely economic and thus measurable and compensable, the movant does not establish irreparable harm. *Praefke Auto Elec. & Battery Inc. v. Tecumseh Prods. Co.*, 255 F.3d 460, 463 (7th Cir. 2001).

Plaintiff will suffer no irreparable harm if the Court declines to issue a preliminary injunction. In support of its Motion, Plaintiff's only statements about various types of irreparable damage he will suffer are not related to his trademark infringement claims, but rather his proposed

5

defamation, harassment, and slander claims. For example, Plaintiff argues that "[e]ven if [Defendants] were to [publicly] apologize the lies told will forever linger over me & my organizations." (ECF No. 6 at 5.) The court has already denied the motion for injunctive relief to the extent based on non-trademark claims. (*See* ECF No. 13.)

The harm that Plaintiff asserts related to his trademark infringement claims would be compensable by monetary damages. Plaintiff claims that Defendants have "taken members from me, donations using my intellectual property . . .permanently damaging [] my religious organizations reputations[.]" However, Plaintiff concedes that these damages could be rectified by damages—he seeks "7 million [] for the permanent damages caused to my organizations & my own reputation[]." (ECF No. 6 at 6.) Though Plaintiff does not explain why the Court should award this amount of damages, this request creates the inference that Plaintiff could be compensated with monetary damages. Plaintiff fails to explain how he would be more gravely injured by this scenario taking place *after* trial than it would upon this Court's grant of the Motion.

Because Plaintiff does not present evidence of irreparable harm that is both "certain and great," this Court should hold that Plaintiff has not met its burden for the most important factor in a motion for preliminary injunction.

### b. Plaintiff has failed to demonstrate a likelihood of success on the merits.

To meet the initial burden of demonstrating a likelihood of success on the merits, Plaintiff must show that he has a " 'better than negligible' change of succeeding on the merits." *Ty, Inc. v. Jones Groups, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001) (quoting *Int'l Kennel Club of Chi. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988)). In order to prevail on its Lanham Act claims, plaintiff must show that (1) his mark is protectable and (2) Defendants' use of the mark is likely to cause confusion among consumers. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001). The Lanham Act provides that registration of a mark "shall be prima facie

evidence of the validity of the registered mark . . . and of the registrant's exclusive right to use the registered mark in commerce[.]" 15 U.S.C. § 1115(a). When the mark is not registered with the United States Patent and Trademark Office, "the burden is on the claimant" to establish that it is entitled to protection. *Unity Health Plans Ins. Co. v. Iowa Health Sys.*, 995 F. Supp. 2d 874, 885 (W.D. Wis. 2014).

Plaintiff has not registered the alleged trademark. (*See* ECF No. 7 at 6.) Therefore, it is his burden to demonstrate that his purported trademark is entitled to protection. He has not met this burden. Further, Plaintiff has not shown, or even alleged, that Defendants' alleged use of the trademark is likely to cause consumer confusion. Plaintiff claims that Defendants have "taken members from me" and "us[ed] my intellectual property" by starting a church in Oklahoma. (*See* ECF No. 6.) However, he does not allege that consumers have confused, or will confuse CPL with Plaintiff's alleged organization. In fact, Plaintiff has not presented any evidence that he has been doing business or acting as a religious organization as The Church of Prismatic Light.

For these reasons, Plaintiff has not shown a likelihood of success.

### c. The balance of the harms weighs in favor of Defendants.

If the plaintiff meets the conditions for a preliminary injunction, the district court must balance the harm to the plaintiff if the injunction is not issued against the harm to the defendants if it is issued. *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). The balancing of harms relative to an injunction "involves a sliding scale analysis: the greater [plaintiff's] chances of success on the merits, the less strong a showing it must make that the balance of harm is in its favor." *Id.* If the balance of harms favors the non-movant, then the court must deny the injunction. The Seventh Circuit has made clear that "if the balance [of harms] tips toward the defendant, of course, the injunction must be denied, *whatever the plaintiff's chance of winning on the merits*." *Maxim's Ltd. v. Badonsky*, 772 F.2d 388, 391 (7th Cir. 1985) (emphasis added).

7

Plaintiff asks the Court in part to bar Defendants from using social media platforms associated with CPL. (ECF No. 6 at 6.)  As an initial matter, Plaintiff's request inherently asks this Court to determine whether Defendants have infringed on Plaintiff's purported trademarks (and inherently whether Plaintiff has such rights in the first place).  Nonetheless, the guaranteed damage to Defendants by granting this Motion is great and significantly outweighs the threatened damage to Plaintiff by its denial.

If Defendants were to cease operating the social media platforms connected with CPL, it would come at a considerable cost to their reputation.  Moreover, Defendants would no longer be able to support their members and followers, which largely consistent of the LGBTQIA+ community and allies of the LGBTIA+ community.  Defendants would also have to begin a rebranding campaign to inform its members of CPL's new identity.  Meanwhile, Plaintiff has yet to point to an actual threat of injury he would suffer by maintaining the current status quo pending the outcome of his litigation.  Plaintiff has not been doing business as The Church of Prismatic Light nor acted as a religious organization under that name.

For these reasons, the balance is in favor of Defendants and against granting Plaintiff's Motion.

## CONCLUSION

Plaintiff has failed to adhere to the Court's required procedure for seeking injunctive relief.  For this reason alone, the Motion should be denied.  Further, Plaintiff has not demonstrated that a preliminary injunction is appropriate.  Plaintiff has failed to establish that he has a reasonable likelihood of success on the merits of his claims, or that they will suffer irreparable harm if a preliminary injunction is not granted.  And, the balance of the hardships weighs in favor of Defendants.  Accordingly, Defendants respectfully requests that this Court enter an Order denying Plaintiff's Motion for Preliminary Injunction.

Dated this 18th day of August, 2022.

                                                    Electronically signed by Natalia S. Kruse
                                                    Natalia S. Kruse
Attorneys for Defendants
HUSCH BLACKWELL LLP
33 E. Main Street, Suite 300
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone: 608.255.4440
Fax: 608.258.7138
Email: natalia.kruse@huschblackwell.com