IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────

HERU SPENCER,

                Plaintiff,               OPINION AND ORDER

    v.

                                            22-cv-257-wmc

THE CHURCH OF PRISMATIC
LIGHT, TIFFANY WAIT,
KATRINA ROSE WOLFF, JERI
CLARK, and IDA HAMILTON,

                Defendants.
───────────────────────────────────────────

*Pro se* plaintiff Heru Spencer claims that defendants are infringing on his intellectual property rights in the name "The Church of Prismatic Light" in violation of the Lanham Act and Wisconsin common law. Spencer is also seeking preliminary injunctive relief in the form of barring defendants from using the name. (Dkt. ##4, 6, 23.) Defendants Tiffany Wait and The Church of Prismatic Light oppose relief, and dispute that the remaining defendants, Katrina Rose Wolff, Jeri Clark, and Ida Hamilton, have been properly served. (Dkt. ##21, 25.) This order addresses both issues.

**I.  Preliminary Injunctive Relief**

Plaintiff seeks a broad injunction prohibiting defendants from using the name "The Church of Prismatic Light" in any way. "A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (citation omitted). Accordingly, the court's assessment of whether to grant a preliminary injunction proceeds in two phases. "As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some

likelihood of succeeding on the merits, and (2) . . . irreparable harm [to that party] if preliminary relief is denied." *Id.* at 544-45 (citation omitted). If these factors are met, the court proceeds to a balancing test, weighing: (1) the irreparable harm to the non-moving party if preliminary relief is granted against the irreparable harm to the moving party if relief is denied; and (2) the consequences of granting or denying the injunction to non-parties. *Id.* at 545.

Defendants Wait and the Church argue as a threshold matter that plaintiff has not followed the court's procedures for seeking injunctive relief,[1] and regardless has failed to demonstrate any likelihood of success on the merits, and that the balance of harms tips in their favor. In this context, "the movant shows a likelihood of success by establishing that (1) he has a protectable mark, and (2) . . . a likelihood of confusion exists between the marks or products of the parties." *Meridian Mut. Ins. Co. v. Meridian Ins. Grp., Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997); *see also Holographic Design Sys., Inc. v. Holographic Design, Inc.*, No. 87 C 4391, 1987 WL 27374, at *1 (N.D. Ill. Dec. 10, 1987) (the standards governing trade names and trademarks are the same). Because plaintiff has not completed the registration process with the United States Patent and Trademark Office, he bears the burden of establishing that the mark is protectable. *Unity Health Plans Ins. Co. v. Iowa Health Sys.*, 995 F. Supp. 2d 874, 885 (W.D. Wis. 2014).

---

[1] After plaintiff filed his motions for preliminary injunctive relief, he filed a motion for a temporary restraining order that the court denied. (Dkt. #13.) In that order, the court clarified the scope of plaintiff's pending motions for injunctive relief, which the court now addresses, and noted that plaintiff would have to follow the court's procedures for obtaining injunctive relief should he move for additional relief based on any amendments to his complaint. (*Id.* at 13.) Plaintiff has not sought leave to amend his complaint, or sought any additional injunctive relief, but he has a copy of the court's procedures to follow should he choose to do so.

At this point, defendants do not affirmatively argue that plaintiff has *no* claim to a protectable mark, but rather that plaintiff has not yet met his burden of proof. On this record, however, plaintiff has at least advanced some evidence suggesting some likelihood of success on his claim to a protectable mark, just not to the scope of a mark that would support the kind of sweeping injunction he is seeking. Moreover, as defendants point out, plaintiff's claims of irreparable harm so far concern personal defamation, harassment, slander, and confusion as to who originally came up with the name, rather than confusion about the owner of or damage to the trademark itself. As to the latter, the evidence so far shows that defendants have had an online and social media presence as "The Church of Prismatic Light" since April of 2022, and have made media appearances promoting the church, while plaintiff has presented no evidence of a similar online presence or that he has otherwise been consistently acting as or promoting a religious organization under that name.

Indeed, on this record, there is *no* evidence of such an online presence or of plaintiff's ongoing use of the name in the operation of a functioning church of any kind, online or offline. In fact, plaintiff acknowledges having used two other names for his putative church, including "Djedi Order" and "Out Proud." With his materials in support of injunctive relief, plaintiff also submitted a copy of his organization's "Jedi Tenets" and the defendant Church's tenets as evidence of copyright infringement. (Dkt. ##29, 29-1, 29-3.) However, plaintiff is not proceeding on a copyright infringement claim, and as the court has already explained to plaintiff, he would have to seek leave to amend his complaint to add a new claim. (Dkt. #13 at 4.) Therefore, granting plaintiff the relief he seeks would

appear to be far more likely to do irreparable harm to defendants in having to rebrand now across all of their social media platforms, only to try to revert to their original name should they prevail.

For *plaintiff* to prevail in this lawsuit, he will have to prove both ownership of a protectable mark *and* consumer confusion between the two organizations -- not just who came up with the name first.

Even so, there is reason to grant plaintiff limited, preliminary relief. Specifically, in May and June of 2022 respectively, plaintiff registered "The Church of Prismatic Light" as a business in Montana and trademarked the name in Oklahoma where defendants founded their organization. (Dkt. ##28-2, 30.) Plaintiff has also submitted evidence of in-person meetings of his Church of Prismatic Light in Montana in May of 2020 (dkt. ##28-3, 28-4), suggesting he was using that name publicly almost two years before defendants *and* the real possibility of confusion between congregants at churches with identical names. To at least help avoid possible confusion, therefore, the court will order defendant The Church of Prismatic Light to display the following disclaimer in bolded, normal typeface at the bottom of its website homepage during the pendency of this lawsuit absent further court order: "**This church is not affiliated in any way with The Church of Prismatic Light founded in Montana.**"

## II. Service on Wolff, Clark, and Hamilton

The parties also renew their service dispute as to three defendants -- Wolff, Clark, and Hamilton -- who claim they were never properly served with the summons and complaint, and therefore, have not answered. (Dkt. #21.) To begin, unless properly served

with process, a district court may not exercise personal jurisdiction over a defendant. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Rule 4(m) also requires that a plaintiff serve defendants within 90 days after a complaint is filed or else show good cause for the failure to do so.

In this case, even if the court were to toll the deadline for service to account for its screening of the complaint and authorization of service, the deadline expired no later than August 25, 2022. *See Paulk v. Air Force*, 830 F.2d 79, 82-83 (7th Cir. 1987) (statute of limitations tolled pending district court's decision whether to grant IFP status and authorize service). Still, the court must extend the deadline for good cause shown, and may in its discretion extend the deadline for excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Plaintiff contends that Wolff, Clark, and Hamilton are Church board members who were "served when the church . . . was served." (Dkt. #31.) Presumably, plaintiff means service under Rule 4(e)(2)(C), which permits service on individuals by delivering a copy of the summons and complaint to "an agent authorized by law to receive service of process." (Dkt. #31.) However, plaintiff provided the same address information for all of the defendants, and the Process Receipt and Returns for defendants *only* indicate that Wait was served personally, and she accepted service on behalf of the Church as its registered agent. (Dkt. #21.) Defense counsel asserts without dispute that Wait was *not* authorized to accept service for the remaining individual defendants, who were not served at their residences. (Dkt. ##15, 21, 25 at 1.) Nor was "the service requirement . . . satisfied merely because the defendant is aware that he has been named in a lawsuit or has received

5

a copy of the summons and the complaint." *Ligas*, 549 F.3d at 500.

Nevertheless, because the court has twice directed the U.S. Marshals to serve defendants, the court will not penalize plaintiff by immediately dismissing defendants Wolff, Clark, and Hamilton. *Cf. Sellers v. United States*, 902 F.2d. 598, 602 (7th Cir. 1990) (Marshals' failure to accomplish service on former prison employee considered good cause for an extension within the meaning of Rule 4). However, the Marshals have made a reasonable effort to serve defendants in Oklahoma, and the court will not direct a third attempt without viable address information for each of these remaining defendants. The court will allow plaintiff 10 additional days to provide whatever address information he has for Wolff, Clark, and Hamilton. If plaintiff does not have any additional information, he should notify the court in writing by the deadline indicated below, and the court will dismiss those defendants without prejudice, while setting this matter for a telephonic preliminary pretrial conference.

ORDER

IT IS ORDERED that:

1) Plaintiff Heru Spencer's requests for preliminary injunctive relief (dkt. ##4, 6, 23) are GRANTED as provided in this order.

2) While this lawsuit is pending or upon further order of the court, defendant The Church of Prismatic Light must display at the bottom of its website homepage in bolded, normal typeface the following disclaimer: **"This church is not affiliated in any way with The Church of Prismatic Light founded in Montana."**

3) Plaintiff may have until **November 3, 2022,** to provide address information for Wolff, Clark, and Hamilton or to notify the court in writing that he does not have this information. If plaintiff does not have this information, or fails to respond by this deadline, the court will dismiss these defendants without prejudice and set this matter for a telephonic preliminary pretrial conference.

Entered this 24th day of October, 2022.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge