IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER,

                Plaintiff,                OPINION AND ORDER

    v.

                                        22-cv-257-wmc

THE CHURCH OF PRISMATIC
LIGHT and TIFFANY WAIT,

                Defendants.

---

*Pro se* plaintiff Heru Spencer contends that defendants are infringing on his intellectual property rights in the name "The Church of Prismatic Light" and he is proceeding against them under the Lanham Act and Wisconsin common law. Spencer has filed a motion to amend his complaint and a motion for additional preliminary injunctive relief. (Dkt. ##40, 41.) The court will deny both motions without prejudice.

Beginning with Spencer's motion to amend, defendants have answered, so Spencer needs the court's permission to amend his complaint, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff seeks to add new defendants and claims, but he has not included the original allegations. The court has previously warned Spencer against piecemeal filings (*see* dkt. #13), so this motion will be denied without prejudice. If Spencer means to pursue additional claims, he will need to move for leave to amend *and* attach a clearly labeled, proposed amended complaint that includes all of his factual allegations, old and new, in one document, setting legal arguments aside and focusing on a timeline of material events and the specific actions taken by each defendant. That way, if the court were to grant Spencer's motion, the proposed amended complaint

would replace his original pleading as the operative pleading in this case.

If Spencer decides to renew his motion to amend, he should carefully consider whether he is naming proper defendants and identify all of the defendants he wishes to sue in the caption of the amended complaint. He should describe simply and concisely what acts he believes each defendant took that violated his rights. Spencer should also be aware that Federal Rule of Civil Procedure 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. *See* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The court will also deny Spencer's latest request for preliminary injunctive relief. On October 24, 2017, the court granted Spencer limited injunctive relief in the form of requiring defendants to display a disclaimer at the bottom of their website. (Dkt. #32.) Spencer renews his request for an order prohibiting defendants from using the name "The Church of Prismatic Light" while this litigation is pending, and he adds a request that defendants also be prohibited from using variations of the name, including "Prismatic Light Church." (Dkt. #41.) The court has already explained why it will not require defendants to rebrand now across all of their social media platforms (dkt. #32 at 2-4), and Spencer has not submitted any new evidence establishing a likelihood of consumer confusion between the religious organizations or that would otherwise support the sweeping relief he requests.

Regardless, Spencer has not followed the court's procedures for obtaining injunctive relief, which the court has previously sent him and instructed him to follow. (Dkt. ##13, 32 at 2.) If Spencer renews his request for additional injunctive relief, he should keep in

mind that he will need to demonstrate as a threshold matter: (1) some likelihood on the success of the merits of his claims; and (2) that he has no adequate remedy at law and will suffer irreparable harm if the requested relief is denied. *Cassell v. Snyders*, 990 F.3d 539, 544-45 (7th Cir. 2021); *Meridian Mut. Ins. Co. v. Meridian Ins. Grp., Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997). He must also follow the court's procedures on motions for injunctive relief, including submitting a statement of proposed findings of fact and supporting evidence.

## ORDER

IT IS ORDERED that plaintiff Heru Spencer's motion to amend the complaint (dkt. #40) and motion for a preliminary injunction (dkt. #41) are DENIED without prejudice.

Entered this 18th day of January, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge