IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER,

                Plaintiff,                OPINION AND ORDER

v.

                                            22-cv-257-wmc

THE CHURCH OF PRISMATIC
LIGHT, TIFFANY WAIT,
KATRINA ROSE WOLFF,
JERI CLARK, and IDA
HAMILTON,

                Defendants.

---

      Plaintiff Heru Spencer alleges that defendants are infringing on his intellectual property rights in the name "The Church of Prismatic Light" and he is proceeding against them under the Lanham Act and Wisconsin state law. (Dkt. #7.) Before the court is Spencer's *pro se* motion for injunctive relief (dkt. #43), and his subsequent motion to amend his complaint filed through counsel (dkt. #45). For the following reasons, the court will (1) grant Spencer leave to amend and accept the proposed amended complaint (dkt. #45-1) as the operative pleading in this case; and (2) deny without prejudice Spencer's latest request for injunctive relief.[1]

---

[1] Spencer seeks leave to add new claims and to reinstate defendants Katrina Rose Wolff, Jeri Clark, and Ida Hamilton, who are all allegedly current or former board members of defendant The Church of Prismatic Light. The court dismissed these defendants without prejudice after the United States Marshal Service made two unsuccessful attempts to serve them on Spencer's behalf. (Dkt. #37.) But Spencer will be permitted to amend his complaint and reinstate Wolff, Clark, and Hamilton, and may proceed against them provided he can now serve them with summons and the amended complaint.

OPINION

**I. Motion for leave to amend the complaint**

The court will grant plaintiff's motion for leave to amend the complaint. Plaintiff seeks leave to add claims and to reinstate three defendants, but he needs defendants' consent or the court's leave to amend his complaint. Fed. R. Civ. P. 15(a)(2). The court must freely give leave to amend when justice so requires, but the court has "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

In addition to the Lanham Act and related state-law claims on which plaintiff is already proceeding, he also includes federal copyright infringement claims and state-law defamation claims in his proposed amended complaint. To establish a copyright infringement claim under the Copyright Act, a plaintiff must prove: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 886 (7th Cir. 2021). Plaintiff has stated such a claim by alleging that he obtained copyright protection for the tenets and general beliefs and doctrines of his church in 2020, and that in 2022, defendants knowingly copied and used those materials in relation to the defendant church without permission.

Plaintiff may also proceed on his defamation claims. To prevail, plaintiff must establish three elements: "(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is

2

unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Amoroso v. Schuh*, 278 F. Supp. 3d 1106, 1111 (W.D. Wis. 2017). Here, plaintiff alleges that Wait threatened to marshal her social medical followers against him if he persisted with his claims. Then, Wait and Clark each posted videos on social media on May 19 and 22, 2022, "harassing and defaming" him and "exposing him to hatred, contempt, ridicule, degradation or disgrace in society as well as injury to his non-profit," and that one of their followers threatened him as a result.[2] (Dkt. #45-1 at 3, 8.) As this case proceeds, plaintiff will have to be more specific as to what statements he believes are defamatory, but his allegations are sufficient to state defamation claims against them.

**II. Motion for preliminary injunctive relief**

The court will deny without prejudice plaintiff's latest request for preliminary injunctive relief. On October 24, 2017, the court granted plaintiff limited injunctive relief in the form of requiring defendants to display a disclaimer at the bottom of the defendant church's website. (Dkt. #32.) Plaintiff now requests that the court also prohibit defendants from defaming him online and has submitted screenshots from an undated online video concerning this lawsuit as well as the comments posted in response. (Dkt. #43.) Plaintiff does not identify the individual in the screenshots.

Plaintiff has not made the requisite showing for the extraordinary relief he requests

---

[2] Plaintiff alleges that Maili Rafaele also made a video harassing and defaming him on social media, but Rafaele is not named as a defendant in the caption nor listed as a party in the "Parties" section of the complaint, so the court will not assume that plaintiff also means to name this individual as a defendant. (Dkt. #45-1 at 3.)

3

nor followed the court's procedures on moving for injunctive relief, which the court has previously sent him and repeatedly instructed him to follow. (Dkt. ##13, 32 at 2, 42 at 2-3.) His half-page motion fails to specifically address: (1) the likelihood of success on the merits of his claims; and (2) that he has no adequate remedy at law and will suffer irreparable harm if the requested relief is denied. *Cassell v. Snyders*, 990 F.3d 539, 544-45 (7th Cir. 2021); *Meridian Mut. Ins. Co. v. Meridian Ins. Grp., Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997). Plaintiff has also failed to follow the court's procedures, which include submitting a statement of proposed findings of fact linked to supporting evidence where appropriate, for the court to consider and defendants to respond. If plaintiff decides to renew his request for injunctive relief, he must follow the court's procedures and address the required showing for such relief.

ORDER

IT IS ORDERED that:

1) Plaintiff Heru Spencer's motion for leave to file an amended complaint (dkt. #45) is GRANTED. The court accepts the proposed amended complaint (dkt. #45-1) as the operative pleading in this case.

2) Plaintiff's motion for a preliminary injunction (dkt. #43) is DENIED without prejudice.

Entered this 23rd day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge