IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER and
DJEDI ORDER d/b/a
THE CHURCH OF PRISMATIC LIGHT,

    Plaintiffs,

v.

THE CHURCH OF PRISMATIC LIGHT,
TIFFANY WAIT, JERI CLARK,
KATRINA ROSE WOLFF,
and IDA HAMILTON,

    Defendants.

ORDER

Case No. 22-cv-257-wmc

---

ORDER DENYING ENTRY OF DEFAULT
_____

Plaintiffs Heru Spencer and Djedi Order, a non-profit entity doing business as "The Church of Prismatic Light," have filed a motion for default judgment against defendant Jeri Clark. In support of the motion, plaintiffs' attorney has filed an affidavit, dkt. 63, and two proof-of-service forms, dkts. 55 and 57. In the affidavit, plaintiffs' attorney explains that he believes Clark was personally served with a summons and complaint on May 25, 2023, but the server only checked the box for "summons," not "complaint." Thus, a second attempt was made, on June 29, 2023, to serve Clark with a summons and a complaint. To date, Clark has not responded to the complaint.

Prior to obtaining a default judgment under Fed. R. Civ. P. 55(b)(1) or (b)(2), there must be an entry of default under Rule 55(a). *Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, at *1 (E.D. Wis. Oct. 23, 2009). The party moving for entry of default has the burden of showing that service of process was proper under Rule 4. *Id*.

at *2. Rule 4(c)(1) provides that a summons must be served with a copy of the complaint. Rule 4(e)(2)(A) provides that an individual within a judicial district of the United States may be served by delivering a copy of the summons and complaint to the individual personally.

In this case, plaintiffs attempted to serve Clark not once, but twice. However, on the first attempt, the "complaint" box was not checked. On the second attempt, the "summons" and "complaint" boxes were checked, but the process server failed to record when the documents were served, or upon whom.

If the party moving for entry of default is unable to show proper service, the party should not be granted entry of default. *Geraci*, 2009 WL 3446193 at *2. Plaintiffs' motion for default judgment will be denied without prejudice. Plaintiffs may have until September 18, 2023, to file proof of service of a summons and complaint on defendant Jeri Clark.

## ORDER

IT IS ORDERED that the motion for default judgment, dkt. 62, is DENIED WITHOUT PREJUDICE. Plaintiffs' motion for a hearing on the motion for default judgment is DENIED AS MOOT.

Entered this 18th day of August, 2023.

BY THE COURT:

/s/

_____
ANDREW WISEMAN
Magistrate Judge