IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER and
DJEDI ORDER d/b/a
THE CHRUCH OF PRISMATIC LIGHT,

                              Plaintiffs,                          OPINION AND ORDER

        v.                                                              22-cv-257-wmc

THE CHURCH OF PRISMATIC LIGHT,
TIFFANY FAITH WAIT,
KATRINA ROSE WOLFF, JERI CLARK,
and IDA HAMILTON,

                              Defendants.

---

In this lawsuit, plaintiff Heru Spencer alleges that defendants have wrongfully usurped his intellectual property rights in the name "The Church of Prismatic Light," as well as the tenets of his church. He is proceeding on claims against all defendants under the Lanham Act and the Copyright Act. He is also proceeding separately on Wisconsin state-law claims against defendants Wait and Clark for their alleged defamatory statements about him and his church made on social media in May 2022.[1] While Spencer initiated this lawsuit himself, he later hired a lawyer who filed the amended complaint. (Dkt. #49.) However, both plaintiffs' and defendants' counsel were permitted to withdraw, leaving the parties to represent themselves. (Dkt. ##69, 100.)

---

[1] While plaintiffs named two additional defendants, Katrina Rose Wolff and Ida Hamilton, there is no indication in the record that either individual was ever served and the time to do so has long expired. Still, the court accepted plaintiffs' amended complaint purporting to reinstate these previously dismissed defendants for lack of service over a year ago (dkt. #48), well beyond the 90-day deadline for service of process set by Federal Rule of Civil Procedure 4(m). At this point, there is no indication that these defendants will ever be served, and the court will again dismiss them from this lawsuit, only this time with prejudice.

These now unrepresented parties have proceeded to paper the docket with ten motions and related submissions, which this order will attempt to untangle and address. To begin, plaintiff Spencer asks to transfer the case to Montana, while Wait seeks to admit related "Jurisdictional Evidence" of two other lawsuits Spencer has filed. (Dkt. ##92, 104, 117.)  Defendants Wait and Clark also seek protective orders against Spencer (dkt. ##81, 82, 84, 89), and Spencer seeks a protective order against these same defendants (dkt. #102).  Wait and Clark also seek to dismiss the amended complaint on various grounds. (Dkt. ##86, 90.)  Finally, Clark has filed a motion for sanctions seeking her attorney's fees from Spencer.  (Dkt. #91.)  For the reasons set forth below, the court will deny all of these motions, but the court will also reopen discovery and reset the dispositive motions deadline with the goal of a speedy resolution of this matter.

BACKGROUND[2]

Heru Spencer leads The Church of Prismatic Light, a branch of a registered, non-profit organization allegedly incorporated in Montana on May 4, 2020, under the name "Djedi Order."  Spencer claims that Djedi Order always included two branches:  "The Church of Prismatic Light" and "Out Proud."  Also in 2020, Spencer obtained copyright protection for the "Djedi Tenets" and "General beliefs and doctrines."

In January 2021, Spencer claims he met virtually with defendant Wait and two other individuals to discuss marketing his religious organization.  Wait claims no

---

[2] The court takes the following facts from the amended complaint (dkt. #49) and the parties' submissions, while noting disputes.

recollection of this meeting.  About a year later, on February 2, 2022, Spencer recognized Wait on the social media platform TikTok and posted a comment to one of her videos asking her to promote his church.  Instead, Spencer claims that Wait began posting videos to her TikTok account two months later discussing what she claimed was her idea for a new religious organization called The Church of Prismatic Light, and she soon began fundraising using the name and branding.

Towards the end of April of 2022, Spencer emailed his resume to Wait and she offered to have him join the board of her church.  Spencer also spoke with Clark about the possibility of joining the board, but claims that Wait threatened him that no one would ever believe he had come up with the idea of the church first.  Wait denies this.

On May 2, 2022, Spencer filed for a trademark for The Church of Prismatic Light with the U.S. Patent and Trademark Office.  Spencer also emailed Wait a cease-and-desist letter on May 4, claiming that Wait, Clark and others associated with the new church responded by defaming and threatening him online.  Wait and Clark dispute this claim. On May 5, the Montana Secretary of State approved Djedi Order for two assumed business names -- the Church of Prismatic Light and Out Proud -- for purposes of starting an LGBTQIA friendly church and brand.[3]  Spencer filed this federal lawsuit on May 9, 2022.

OPINION

I.  **Venue and jurisdiction (dkt. ##92, 104, 117)**

As a threshold matter, plaintiffs and defendant Wait raise issues of proper venue

---

[3] The Oklahoma Secretary of State also granted him a certificate of trademark registration for the Church of Prismatic Light on June 22, 2022.

and jurisdiction. In Wait's motion to admit "Jurisdictional Evidence," she questions this court's jurisdiction over the lawsuit given that Spencer no longer resides in Wisconsin and argues that he is a vexatious litigant because he has filed two other lawsuits. (Dkt. #92.) In response, Spencer explains that he was living in Wisconsin when he filed this lawsuit, but has since moved to Montana and asks to transfer the lawsuit to that venue.[4]

The parties give the court no reason to question its jurisdiction or venue, nor do Spencer's other lawsuits establish that he is a sanctionable, vexatious litigant. To have "jurisdiction," a federal court needs authority over the subject matter of the case and the ability to exercise control over the defendant. This case involves claims that arise under federal law, as well as related state-law claims. Accordingly, this court has subject matter jurisdiction authority over all of the claims. *See* 28 U.S.C. § 1331 (district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States); 28 U.S.C. § 1367 (describing supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction").

To the extent Wait is now attempting to object to the court's exercise of personal jurisdiction over her, she did not raise that defense in her answer (dkt. #24), nor did she file a motion contesting personal jurisdiction. Instead, she has proceeded to participate in this litigation by filing motions and other submissions. As such, Wait has long since waived this defense. *See* Federal Rule of Civil Procedure 12(h)(1) (certain defenses are waived

---

[4] Spencer also contends that Wait is interfering in a lawsuit he filed in Montana against several credit reporting agencies. *See Spencer v. Experian*, No. 23-cv-65-BMM-KLD (D. Mont. Sept. 2023). However, he should raise that issue with the presiding judge in the District of Montana, not this court.

when not made in a motion or included in a responsive pleading or amendment allowed by Rule 15(a) as a matter of course); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (defendants waived defense of personal jurisdiction where they raised it in their answer but then fully participated in litigation of the merits without actively contesting personal jurisdiction).

As for the question of venue, the parties give the court no reason to transfer this lawsuit to Montana.  In federal court, venue is proper where the defendants to a lawsuit reside *or* where the events giving rise to the claim took place.  28 U.S.C. § 1391(b).  Here, while no party claims to reside in Wisconsin currently, many of the underlying events occurred in, and Spencer filed this lawsuit while he was living in Wisconsin.  That he now resides in Montana is of no moment under § 1391.  A district court may also transfer a case to another district for the convenience of the parties and witnesses, *see* 28 U.S.C. § 1404(a), but it appears that only Spencer is in Montana, and the court will not transfer this case simply out of convenience to him, especially when it was he who *chose* this venue.[5]

Neither is it of any moment that Spencer had filed a prior, unrelated lawsuit in this court that was dismissed at the screening stage, nor that he has a lawsuit pending in another district against multiple credit reporting agencies.  While Wait argues that his relatively short litigation history shows Spencer to be generally vexatious, and the court does not doubt that this lawsuit in particular has caused her stress, she points to nothing in the record supporting finding that Spencer filed this lawsuit in bad faith or out of malice simply

---

[5] Plaintiff could move to voluntarily dismiss this lawsuit without prejudice to its refiling in another district, *see* Federal Rule of Civil Procedure 41(a), but he would have to show that dismissal without prejudice would not be prejudicial to defendants at this point in the proceeding.

because he litigated two unrelated cases before, even unsuccessfully. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992) (not all objectively unreasonable conduct is vexatious, which involves subjective or objective bad faith). Thus, all of the parties' motions challenging venue or this court's exercise of jurisdiction will be denied.

## II. Motions for protective orders and sanctions

While cautioning both sides as to their conduct going forward, the court will also deny the parties' requests for protective orders. Specifically, Wait asks that the court order Spencer to stop harassing her online and doxing her and her family, as well as stop disclosing her personal information. (Dkt. ##81, 84, 97, 98.)[6] Clark claims that she received a "coercive" email from Spencer pressuring her to testify against Wait, and she asks that Spencer be prohibited from "further inappropriate and coercive communications with" her and she be awarded her attorney's fees as a sanction. (Dkt. ##86, 89.) In contrast, Spencer claims that Wait and Clark are harassing him online and have deleted evidence from his computer and phone; he also claims that Wait encouraged one of her followers to try to kill him. (Dkt. #102.) All parties deny the accusations levied against them.

---

[6] Relatedly, Wait also asks the court to seal her address. (Dkt. #78.) In a September 21, 2023, text-only order, the court ordered sealed any submission from Wait indicating her address and indicated that it would not publish her address in the case caption pending a response from plaintiffs' counsel to the request to seal. (Dkt. #80.) Since plaintiffs' counsel withdrew without responding and plaintiffs have also not responded, the court will grant her request and continue to seal her address from public view out of an abundance of caution.

In response to these motions, Magistrate Judge Stephen Crocker held a telephonic status conference on October 25, 2023, and ordered the parties to stop communicating with each other until the court resumed discovery.[7] (Dkt. #111.) The court will not undo nor redo Judge Crocker's work. As he concluded, the parties request relief that is mostly beyond the court's authority in this *civil* matter. Rather, Federal Rule of Civil Procedure 26(c) provides for protective orders that prevent or limit the disclosure of certain information in discovery to protect the privacy interests of litigants and any third parties. Judge Crocker further explained to Wait and Clark during the status conference, and to all parties in a follow-up written order (dkt. #111), that this court's ability to enjoin a party's conduct is constrained by its limited jurisdiction and resources, as well as the scope of this lawsuit. Accordingly, the court renews Judge Crocker's instruction that a party feeling unsafe should contact local law enforcement.

That said, the court also cautions the parties. The court will reopen discovery and set a summary judgment deadline for reasons explained in greater detail below, but the parties may resume communicating with each other for that *limited* purpose only. The court will tolerate no harassment by or on behalf of any party. The parties have already been warned that they must treat each other and the court with civility and respect at all times, including in virtual spaces, or the court may issue appropriate sanctions, which could include monetary sanctions and entry of judgment against the offending party. (*Id.*)

---

[7] Spencer did not participate in the telephonic status conference because he failed to account for a difference in time zones, but Judge Crocker issued a follow-up, written order. (Dkt. #111.)

In particular, Spencer has already been warned about submitting documents and other evidence containing unrelated personal information about Wait and her family, including the filing of online postings by anonymous sources about irrelevant, unverified events concerning her, her son, and other family members that the court has had to seal. (*Id.* at 2.)  The court further cautions him about the consequences of making unsupported, outlandish criminal accusations against Wait in his court filings.[8]  If Spencer continues to do so, and to submit such documentation and evidence, the court will not only disregard these allegations, but will consider sanctioning him without further motion from any defendant.  Going forward, the court instructs Spencer to focus his communications with Wait, Clark and the court on gathering and presenting only information he needs to prove his claims in *this* lawsuit, such as the specific statements they allegedly made in May 2022 that he believes are defaming.

Accordingly, the court will deny all parties' motions for protective orders and for sanctions, but the parties will receive no further warning regarding the consequences of any inappropriate, threatening, or abusive comments or conduct before facing an order ot show cause why sanctions are not appropriate.

---

[8] In support of these accusations, Spencer submitted a police report from June 2022 that recounts his allegations that a nurse's aide at a local hospital injected him with poison while ostensibly drawing his blood in May 2022.  (Dkt. #110 at 8-11.)  Fortunately, the report only references Spencer's concerns about the issues he raises in this case without referencing Wait specifically, but evidence that Spencer reported this alleged incident to local police has no place in the docket of this lawsuit.

### III.  Motions to Dismiss

Wait and Clark further move to dismiss all of plaintiffs' claims against them on various grounds, including as a sanction.  (Dkt. ##86, 90.)  In particular, Wait contends that the claims in the amended complaint lack merit and are based on false allegations.  In support, Wait offers her version of events, supported by screenshots of private messages allegedly exchanged between Spencer and her in 2022 about promoting each other's churches, which she claims show they had never met before.  At this point, however, the court must accept plaintiffs' factual allegations.  Moreover, the message exchange alone does not establish that Spencer and Wait had no prior interaction with each other about Spencer's alleged organization.   Plus, any such inferences and necessary credibility determinations may well be for a trier of fact to weigh.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").  Wait also questions Spencer's motivations for filing this lawsuit, asserting that she is no longer affiliated with the defendant church.  Again, Wait's speculation about Spencer's motivations does not establish that his allegations are untrue, nor does the fact that Wait is no longer a part of the defendant church necessarily shield her from liability for her own conduct while a board member.

As for Clark's motion, she contends that Spencer filed this lawsuit merely to harass her, citing as evidence a September 2023 email Spencer sent her asking that she testify against Wait.  Some two months before that request, it also seems these parties may well

have been engaged in advanced discussions about resolving this lawsuit.[9]  While Clark maintains she was upset by the email, and Spencer arguably should have approached Clark through his attorney, the court has no basis to conclude on this limited exchange that this lawsuit was filed simply to harass.  Clark represents that plaintiff's counsel also engaged in "improper conduct," but does not specify what that conduct was.  (Dkt. #90 at 2.)

Clark further contends that:  plaintiffs have not produced any "substantial evidence" in support of their claims; this court lacks jurisdiction because neither Church of Prismatic Light was incorporated in Wisconsin; and neither Church is a 501(c)(3) entity. As for the latter assertion, Clark does not explain its relevance to the merits of the claims. Nor are plaintiffs required at this point to produce evidence of or to otherwise prove their claims -- that comes next at summary judgment, and if necessary, at trial.  *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) ("a motion to dismiss tests the legal sufficiency of a pleading").  Finally, where an entity is incorporated is not necessarily determinative of where it can be sued -- for example, its "affiliations" with a state may be enough to subject it to suit there, at least if those affiliations give rise to the specific claims in a lawsuit. *See Daimler AG v. Bauman*, 571 U.S. 117, 133-34 (2014) (considering whether plaintiff's "affiliations with California are sufficient to subject it to the general (all purpose) personal jurisdiction of that State's courts").  The online churches in this case presumably reached and have potential members in every state.  As previously noted, the underlying

---

[9] The email asks Clark to "please" send him witness statements and to contact his lawyer if she is willing to go on record regarding "things" about Wait that Clark "mentioned" in a meeting with Spencer in exchange for voluntary dismissal; it further notes as an obstacle to resolution that her organization is still maintaining a challenge to his trademark application.  (Dkt. #89-1.)

alleged facts giving rise to this lawsuit occurred while Spencer was living in Wisconsin. Regardless, Clark has not developed her argument sufficiently.  Further, to the extent she meant to argue instead that venue is improper, venue does not necessarily hinge on the citizenship of defendants as discussed in greater detail above.

Accordingly, the court will deny defendants motions to dismiss the amended complaint.  Whether plaintiffs' claims can survive summary judgment is another matter. Summary judgment, at least in this circuit, has been repeatedly referred to as the "put up or shut up" moment for parties seeking to take their claims to trial.  *Johnson v. Cambridge Indus. Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citation omitted).  Plaintiffs must respond to defendants' showing of a lack of material disputes of fact by designating specific evidence establishing a genuine, triable issue.  *Anderson*, 477 U.S. at 256-57, 261.  Moreover, because that evidence must be admissible at trial, plaintiffs may not rely on inadmissible hearsay, speculation, or conclusory allegations to defeat summary judgment.  *Prude v. Meli*, 76 F.4th 648, 661 (7th Cir. 2023); *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 882 (7th Cir. 1999).

## IV.  Discovery and Dispositive Motions

Finally, with this more stringent summary judgment standard in mind, and having addressed the parties' several motions, the court will reopen discovery briefly and reset the dispositive motions deadline with the goal of efficiently and fairly resolving this case that has now been pending for approximately two years.  To that end, discovery will be reopened until December 31, 2024, and dispositive motions shall be due by November 4, 2024.  The court will not extend either deadline absent extraordinary good cause, so the parties will

have to work efficiently and in good faith to gather whatever remaining discovery they need and file any dispositive motions, if they decide to do so.

Moreover, the parties must keep in mind the *purpose* of discovery, which is to obtain *relevant* information about the claims *in this lawsuit* as set forth in the amended complaint. At the same time, discovery need not be *admissible* in evidence to be discoverable, Fed. R. Civ. P. 26(b)(1), but rather must not be overly broad, repetitive, or intended to harass or embarrass.   In preparation of any additional discovery requests, therefore, the parties should consult the amended complaint (dkt. #49) and the court's summary judgment procedures in the preliminary pretrial packet sent with the preliminary pretrial conference order (dkt. #39).[10]  If any of plaintiffs' claims survive summary judgment and proceed to trial, or if the parties do not file for summary judgment by the deadline, the court will set this matter for a scheduling conference at that time.

## ORDER

IT IS ORDERED that:

1) Defendants Katrina Rose Wolff and Ida Hamilton are DISMISSED WITH PREJUDICE from this lawsuit for a second time due to plaintiffs' failure to serve them.

2) Defendant Tiffany Wait's motion to seal her address (dkt. #78) is GRANTED.

3) Wait's motions for a protective order (dkt. ##81, 82, 84), to dismiss (dkt. #86), and for discovery (dkt. #92) are DENIED.

4) Defendant Jeri Clark's motions for a protective order (dkt. #89), to dismiss (dkt. #90), and for sanctions (dkt. #91) are DENIED.

---

[10] The court reminds the parties that the case deadlines described in the preliminary pretrial conference order are no longer in place.

5) Plaintiffs' motion for a protective order (dkt. #102) is DENIED.

6) Discovery is reopened until December 31, 2024, and dispositive motions are due by November 4, 2024.

7) The court expects the parties to treat each other and the court with respect as this lawsuit proceeds.  Any abusive or threatening comments or conduct, or the submission of materials containing inappropriate, personal information about a party as described in this order, may result in sanctions up to and including entry of monetary sanctions and judgment against the offending party.

Entered this 4th day of September, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

13