IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER
and DJEDI ORDER d/b/a
THE CHURCH OF PRISMATIC LIGHT,

                      Plaintiffs,

  v.

THE CHURCH OF PRISMATIC LIGHT,
TIFFANY FAITH WAIT,
and JERI CLARK,

                      Defendants.

ORDER

22-cv-257-wmc

---

Plaintiff Heru Spencer alleges that defendants have unlawfully appropriated his intellectual property rights in the name "The Church of Prismatic Light" and the tenets of his church and that defendants Tiffany Faith Wait and Jeri Clark defamed him and his church on social media in May 2022. At the December 12, 2024 telephonic scheduling conference, the court ordered the parties to submit their discovery requests to the court by January 13, 2025 for review prior to requiring the opposing party's response. Dkt. 126. The court also ordered the parties to attempt to find legal counsel for the plaintiff and defendant churches and to file a status update by January 13, 2025. *Id.*

The day after the scheduling conference, Wait submitted her discovery requests for Spencer, Dkt. 125, and a letter explaining why she cannot be responsible for hiring legal counsel to represent defendant The Church of Prismatic Light, Dkt. 127. The court acknowledges Wait's letter, and does not expect Wait, who left the church in 2022, to hire and pay for its attorney. But Wait, as well as the other individual parties, may benefit from at least

consultation with an attorney. Many state bars and local legal organizations offer free or low-cost consultation services without any expectation of long-term representation.

The court has also reviewed Wait's discovery requests, Dkt. 125 at 2–3, and will ORDER Spencer to file his sworn responses to most of them within 30 days of this order. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Most of Wait's discovery requests concern Spencer's trademark and defamation claims, and are relevant and proportional to the needs of this case.

But the court will *not* require Spencer to respond to the following requests concerning Spencer's allegations and exhibits about Wait's family and Wait's alleged criminal conduct, including that she and Clark hacked his phone:

18. **Inclusion of Family Information**: Explain in detail how any information about my family, including my children and mother, is relevant to your trademark infringement claims. Include any legal authority or factual basis for including such information in your filings.

19. **Court Submissions:** Identify the purpose and relevance of any exhibits or attachments in your court filings that include information about my family.

23. **Evidence of Harassment Allegations:** Provide all evidence you have submitted in court filings or elsewhere to support allegations of harassment against me.

25. **Evidence of Hacking Claims**: Present evidence supporting your allegations that I or Jeri Clark hacked your phone or destroyed evidence, including logs, reports, or expert opinions.

5. RFP: Produce any correspondence, reports, or documentation from third parties supporting your claims of hacking or destruction of evidence.[1]

Spencer is proceeding on state-law defamation claims against Wait and Clark and those claims are limited in time and scope by the allegations in the amended complaint—specifically, that Clark and Wait made social media videos harassing and defaming Spencer and that Spencer was threatened by an unidentified member of defendant Church of Prismatic Light, all in May of 2022. Dkt. 49, ¶¶ 10–13. Wait's discovery requests and Spencer's responses to them must be similarly limited, and the requests above are not. As the court has explained, the alleged conduct of Wait's family members, or of Wait herself outside the context of this lawsuit, is not relevant to Spencer's claims and the parties should not continue to pursue these issues. Dkt. 123 at 6–8. While Spencer's prior filings on these issues were sealed by the court, he has been cautioned against submitting any additional such filings, and he must not do so now in response to Wait's discovery requests. Dkts. 102–107.

---

[1] Spencer is not proceeding on any "hacking" claim in this civil lawsuit. *See* Dkts. 48 & 49. To the extent Spencer would argue that defendants have intentionally destroyed evidence in bad faith to hide adverse information, he would need to file a spoliation motion with supporting evidence of his claim. *See Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (stating the standard for seeking an adverse inference instruction for spoliation of evidence). Spencer is advised that the burden of establishing bad faith is high.

ORDER

IT IS ORDERED that plaintiff Heru Spencer has until January 16, 2025, to file his responses to defendant Tiffany Wait's discovery requests, except for questions 18, 19, 23, and 25 and request for production 5, with the court. Spencer's responses must be sworn, and each document produced must be filed as a separate, supporting exhibit.

Entered December 16, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge