IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER
and DJEDI ORDER d/b/a
THE CHURCH OF PRISMATIC LIGHT,

                Plaintiffs,

  v.

THE CHURCH OF PRISMATIC LIGHT,
TIFFANY FAITH WAIT,
and JERI CLARK,

                Defendants.

ORDER

22-cv-257-wmc

---

At the December 12, 2024 telephonic scheduling conference, the court ordered the parties to submit their discovery requests to the court by January 13, 2025 so the court could review and modify the requests as appropriate prior to requiring the opposing party's response. Dkt. 126. This order addresses plaintiff Heru Spencer's discovery requests for defendants Tiffany Wait and Jeri Clark, Dkts. 129–131, and his requests for subpoenas, Dkts. 135–140 and 144–145.[1]

**A.  Spencer's discovery requests for Wait and Clark**

The court has reviewed Spencer's interrogatories and requests for production for defendants Clark and Wait. Dkts. 129–131. As noted in the court's prior discovery order concerning Wait's discovery requests, Dkt. 128, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

---

[1] Spencer has also filed a motion to dismiss plaintiff The Church of Prismatic Light. Dkt. 132. The court will address that motion in a separate order.

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court will order defendants Wait and Clark to respond to Spencer's requests to the best of their ability with the following exceptions and modifications.

1.  **Spencer's Interrogatories**

**Interrogatories Nos. 1, 4, and 5.** Spencer asks about Clark's and Wait's earnings, and he asks how much the defendant Church made "in donations, gifts, sponsorships, TikTok monetization, and any other monetization." Dkts. 129, ¶¶ 1, 4, 5 & 130, ¶¶ 1, 4, 5. Spencer notes in his similar request for production that such information "could demonstrate consumer and commerce confusion," and use of the trademark in interstate and international commerce. Dkt. 131, ¶ 9. He does not explain how this is so, and without a more concrete nexus between the defendant Church's use of the asserted trademark, the court is not convinced that the scope of the defendant Church's financial reach or Wait and Clark's personal financial gains are relevant to the case at this point. If anything, the requested financial information speaks to damages, and that issue is premature. Because the minimum probative value of the requested information is outweighed by other considerations, the court will not require either Wait or Clark to produce any financial information for themselves, the defendant Church, or any other individual at this time. The court is open to revisiting this issue as the case progresses.

**Interrogatory No. 2.** Spencer asks defendants whether they have interviewed with certain media outlets and were planning to appear on a late-night talk show. Dkts. 129, ¶ 2 & 130, ¶ 2. To the extent either defendant made a media appearance or gave an interview that

concerned Spencer and plaintiff Church of Prismatic Light, they must disclose that information. Otherwise, defendants' unrelated media appearances are not tethered to Spencer's claims, so defendants need not include this irrelevant information.

**Interrogatories Nos. 14, 16, 19, and 20.** Spencer requests that defendants explain:

- Whether "the public was confused who first used the name 'the Church of Prismatic Light'" when the defendant Church was founded, Dkts. 129, ¶ 14 & 130, ¶ 14;

- Why "everyone on TikTok [thought] the trademark name belonged to you and the church in Oklahoma," Dkts. 129, ¶ 16 & 130, ¶ 16; and

- Whether "the newspapers and the public still think you created the name and the church," Dkts. 129, ¶ 19 & 130, ¶ 19.

These interrogatories require defendants to speculate about the beliefs and opinions of other people and presume that a general confusion between the two churches exists. As discussed below, defendants must produce any comments, messages, videos, or other documentation in which an individual expresses confusion between the two churches and/or mistakes one church for the other, but defendants are not required to speculate beyond their personal knowledge about what other people may have been thinking.

As for Interrogatory No. 20, Spencer asks defendants what they have done to "correct the general confusion around the two churches, who started the church, and who owns the trademark name." Dkts. 129, ¶ 20 & 130, ¶ 20. In response, defendants can state whether they have taken any steps to mitigate confusion, without admitting that such confusion does exist.

**Remaining Interrogatories.** Defendants will be required to provide sworn responses to Spencer's remaining interrogatories in addition to those modified above. Specifically, Clark

3

and Wait must respond to **Interrogatories Nos. 2–3, 6–13, 15, 17–18, and 20–25** to the best of their ability. But in their responses, defendants need not speculate about information or events outside their personal knowledge. Specifically, the court notes that there is duplication in the interrogatories to each defendant even though some appear better directed to one defendant or the other. Clark and Wait need not attempt to answer for the other—Clark should answer only to her personal knowledge, and likewise, Wait should answer only to her personal knowledge.

### 2. Spencer's requests for production

Defendants will also be required to produce certain documents in response to Spencer's requests for production, but the court STRIKES certain requests as overbroad, duplicative, irrelevant, and disproportionate to the needs of this case.

**Requests Nos. 1, 2, 5, and 9.** As discussed above, defendants do not need to respond to Spencer's requests for financial information. Dkt. 131, ¶¶ 1, 2, 5, 9. Production of such information would be premature at this stage.

**Request No. 7.** Also as discussed above, defendants do not need to produce any documentation in response to Spencer's request concerning "[c]ommunication with the media" except for any such communications that concerned Spencer and his Church of Prismatic Light. *Id.*, ¶ 7.

**Remaining Document Requests.** Spencer's remaining requests for production seek communications from, with, or within the defendant Church and defendants, and their followers. *Id.*, ¶¶ 3, 4, 6, 8. To the extent Spencer requests *all* meeting minutes, emails, direct messages, private messages, social media comments and conversations, written communications, or texts, that is much too broad. So, the court will modify these requests and

4

order defendants to produce only those documents and recordings in their possession that reference Spencer and plaintiff Church of Prismatic Light.

If Spencer requests documents that defendants do not possess, defendants must swear they have no such documents under oath.

## B. Spencer's requests for subpoenas

The court has also reviewed Spencer's requests for subpoenas, Dkts. 135–140 and 144–145, and will not issue any at this time. Federal Rule of Civil Procedure 45 authorizes the court where an action is pending to issue a subpoena requiring attendance at a deposition or production of documents, electronically stored information, or tangible things; however, the rule provides heightened protections for nonparties from unnecessary and burdensome discovery.

Spencer requests subpoenas for the depositions of defendants Wait and Clark, and nonparties Ida Hamilton, Samantha Costa, Maili Rafaele, and Katrina Rose Wolff. Spencer does not explain why he seeks to depose any of these individuals, so the court cannot determine whether their depositions would be necessary at this stage and the least burdensome means of obtaining the information sought. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (a court must limit the extent or frequency of discovery if the discovery sought can be obtained from a more convenient, less burdensome, or less expensive source).

Perhaps equally problematic, Spencer also requests that the depositions be conducted through the court's Zoom platform "so that a court reporter can record the conversation." *E.g.*, Dkt. 135 at 1. The court will not facilitate Spencer's depositions or act as an intermediary; specifically, the court cannot lend a party a court reporter or pay for the services of a court reporter. If Spencer means to depose someone orally, he will have to pay the court reporter or

5

stenographer costs, as well as witness fees, but he has not indicated that he is prepared to do so. *See* Fed. R. Civ. P. 30(b)(3)(A) (requiring the noticing party to pay for recording costs).

Spencer also requests subpoenas for documents from defendant The Church of Prismatic Light Inc and nonparty ByteDance Ltd. and its subsidiary TikTok, Inc. Dkts. 144 & 145. The court will not issue these subpoenas either. Specifically, Spencer would seek production from the defendant Church of all "electronic stored data, direct messages comment sections & all videos from [the Church's social media accounts], financial documents, business documents, internal emails, direct messages, communications, minutes, meetings minutes." Dkt. 145 at 1. From ByteDance, Spencer would seek production of all "electronic stored data, direct messages comment sections & all videos from" the social media accounts of defendants and two nonparties, as well as "the information of monetization on all of these accounts, any ByteDance contracts or talent contracts with these accounts," and "any brand name deals or contracts as well." Dkt. 144 at 1 & Dkt. 144-1 at 1. These requests are far too broad and disproportionate to the needs of this case because they seek *all* information from the target accounts regardless of whether the information is relevant to Spencer's claims. Also, as discussed above, Spencer is requesting production of certain documents from defendants Wait and Clark and, so these subpoenas seek duplicative information.

The court will discuss the need for any further document production and depositions with the parties at the telephonic status conference to be set once the parties have filed their sworn responses to all approved discovery requests.[2]

---

[2] Spencer has filed his response to Wait's discovery requests. Dkt. 147. Defendant Clark has until January 13, 2025 to file any discovery requests. Dkt. 126.

ORDER

IT IS ORDERED that:

1. Plaintiff Heru Spencer's responses to defendant Tiffany Wait's discovery responses and objections, Dkt. 141, is STRUCK as unauthorized by the court. *See* Dkt. 146 (striking unauthorized responses).

2. Spencer's motions for subpoenas, Dkts. 135–140, are DENIED.

3. Defendants Wait and Clark have until February 3, 2025, to file their responses to plaintiff's discovery requests, Dkts. 129–131, as modified in this order:

    a. Clark, Dkt. 130, and Wait, Dkt. 129, must respond to interrogatory nos. 2– 3, 6–13, 15, 17–18, & 20–25.

    b. Clark and Wait must produce all documents and recordings in their possession that reference Spencer and plaintiff The Church of Prismatic Light, which are responsive to the modified requests for production nos. 3, 4, & 6–8, Dkt. 131.

4. The court will accept no additional discovery requests from Wait or Spencer. Clark has until January 13, 2025, to file her discovery requests, if any.

Entered January 3, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge