IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER and DJEDI
ORDER, d/b/a THE CHURCH
OF PRISMATIC LIGHT,

                    Plaintiffs,                    OPINION AND ORDER

   v.

                                                      22-cv-257-wmc

THE CHURCH OF PRISMATIC
LIGHT, TIFFANY FAITH WAIT,
and JERI CLARK,

                    Defendants.

---

      Plaintiff Heru Spencer, a Wisconsin resident representing himself, who allegedly serves as founder and director of the "Djedi Order," a non-profit organization incorporated in Montana doing business as "The Church of Prismatic Light," was granted leave to proceed with claims against an unaffiliated entity located in Oklahoma similarly named The Church of Prismatic Light ("defendant Church"), along with individual defendants Tiffany Faith Wait and Jeri Clark, for allegedly infringing Spencer's trademark of the name "The Church of Prismatic Light" and defaming him.  (Dkt. #7.)  Spencer then retained counsel, who filed an amended complaint naming Spencer and the Djedi Order, doing business as The Church of Prismatic Light ("plaintiff Church"), as co-plaintiffs and owners of the trademarked name.  (Dkt. #49.)

      Subsequently, however, counsel for both plaintiffs and defendants were permitted to withdraw, leaving all of the parties to represent themselves.  (Dkt. ##77, 101.)  Now pending are two, duplicative motions to dismiss the plaintiff Church from this suit.  (Dkt. ##160-161.)  For reasons explained below, those motions will be denied, but the court

will dismiss the plaintiff Church as a party for its failure to appear through counsel as required by law.

OPINION

The parties have been advised several times that the plaintiff Church and the defendant Church cannot represent themselves in federal court and must have counsel. In an order entered on October 26, 2023, Magistrate Judge Stephen L. Crocker explained that the churches needed legal representation to litigate this case. (Dkt. #111, at 2-3.) As a general rule, "parties may plead and conduct their own cases personally or by counsel" in the courts of the United States. 28 U.S.C. § 1654. This means that non-lawyers like plaintiff Spencer and the individual defendants may not handle a case on behalf of anyone except themselves. *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Judge Crocker further explained to the parties that a sole proprietorship or closely held corporation may litigate *pro se*, but other artificial entities cannot and may only appear through a licensed attorney. (Dkt. #111, at 2 (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (noting that lower courts have uniformly held that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney) and *United We Stand Am., Inc. v. United We Stand, Am. N.Y.*, 128 F.3d 86, 88 (2d Cir. 1997) (default entered against a non-profit organization when its counsel withdrew and the organization failed to substitute new counsel as per the court's order)).

The record currently before the court is that the plaintiff Church and the defendant Church are both non-profit organizations. As such, they may only appear in court through

a licensed attorney. *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cty.*, 543 F.2d 32, 33 (7th Cir. 1976) (per curiam); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1983). With this in mind, Magistrate Judge Anita M. Boor repeated Judge Crocker's previous admonishment during a telephonic status conference on December 13, 2024; more specifically, she warned both sides that neither church could appear in federal court without legal counsel and explained the potential consequences should these entities continue to be unrepresented, including the dismissal of the plaintiff Church's claims and an entry of default against the defendant Church. (Dkt. #126.) Accordingly, Judge Boor ordered the individual plaintiff and defendants to find legal counsel for the churches and to file a status update by January 13, 2025, or face the consequences. (*Id.*)

While defendants Wait and Clark have submitted status letters regarding their inability to obtain counsel for the defendant Church (dkt. ##127, 152),[1] plaintiff Spencer skirted the court's order altogether by filing a *pro se* motion to dismiss or remove the plaintiff Church from this lawsuit. (Dkt. #132.) Judge Boor denied that motion "without prejudice because Spencer is not a lawyer and has been advised that he cannot represent the Church." (Dkt. #155, at 4.) Judge Boor also reminded plaintiff Spencer again that he needed to follow the court's original order to either retain counsel for the plaintiff Church

---

[1] Defendant Clark explains that the defendant Church was renamed as an organization to "The Prism Sanctuary" in 2023, but ceased all activities in 2024, and is effectively defunct. (Dkt. #152, at 1.) Because the defunct entity has no funds, assets, operations, active members or stakeholders, and Clark is "a low-income person," she represents being unable to obtain counsel. (*Id.*) Defendant Wait similarly explains that, as a former president of the defendant Church who stepped down in June of 2022, and as a single mother with limited financial resources, she is also unable to secure counsel for either herself or the defendant Church. (Dkt. #127.)

3

or provide a written status update by January 13, 2024, about his efforts to do so. (*Id.*) Judge Boor further ordered plaintiff Spencer to show cause in writing by January 28, 2025, whether he or the plaintiff Church owns the disputed trademark and warned Spencer that if he does not own it, "he would not be able to pursue claims to enforce it as the lone plaintiff." (*Id.*)

Instead, plaintiff Spencer has again filed invalid motions on behalf of the Board of the Djedi Order (the "Board"), to remove the plaintiff Church as a party, stating without any further explanation that the Church "does not own the trademark and only has permission and license to use the trademark."[2] (Dkt. ##160-161.) These motions, which purport to be signed by Spencer (and two other individuals whose standing is unclear), state further that the Board does not wish to retain an attorney and lacks the finances to do so at this time. (*Id.*) However, to the extent that Spencer and the other apparent individual Board members of the plaintiff Church seek to dismiss the amended complaint filed on its behalf, their motions must be denied for the same reason as Spencer's previous motion: the plaintiff Church cannot be represented by individuals and may only appear through a licensed attorney. *Strong Delivery Ministry*, 543 F.2d at 33; *Taylor*, 871 F.2d at 806.

---

[2] The amended complaint, which is the operative pleading in this lawsuit, further alleges that the plaintiff Church "used" the disputed trademark in commerce first, acquiring rights superior to those of the defendant Church. (Dkt. #49, ¶ 23.) These allegations imply ownership rights in the trademark. *See S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (it is a "bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation *and* actual use in the market") (emphasis added) (quotations omitted). Judge Boor directed plaintiff Spencer to clarify the ownership of the disputed trademark but, to date, he has also not provided a response confirming the trademark's ownership. (Dkt. #155, at 4.)

There are many reasons for the rule prohibiting non-lawyers from representing others and requiring a party to be represented by counsel, "not the least of which is that a party may be bound, or his rights waived, by his legal representative." *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam). The other principal reasons for the "venerable and widespread" rule requiring an attorney to appear for a corporation or other artificial entity include:

> [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but [also] for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Kermanj Foundation v. Broward Cty. Property Appraiser's Office*, No. 09-61540, 2010 WL 1433174, at *2 (S.D. Fla. April 9, 2010) ("The rule requiring corporations to be represented by counsel extends to all non-natural persons, as its purpose is the protection of the courts and the administration of justice.").

While neither Spencer nor any other non-lawyer can move to dismiss the plaintiff Church, the court concludes that it must be dismissed as unrepresented. Because the court has given plaintiff Spencer ample time to retain counsel for the plaintiff Church and Spencer was given notice of the potential consequences should he fail to do so, his stated unwillingness or inability to retain counsel is grounds for dismissing the plaintiff Church's claims with prejudice. *See Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (dismissing with prejudice claims

by a religious non-profit entity that was not represented by counsel where individual *pro se* plaintiffs expressed an unwillingness to retain counsel for the entity).  Accordingly, the claims brought by the plaintiff Church will be dismissed due to its repeated failure to appear through a licensed attorney.

## ORDER

IT IS ORDERED that:

1) The motions filed by individual board members of the Djedi Order to remove The Church of Prismatic Light as a plaintiff (Dkt. ##160, 161) are DENIED as moot.

2) The claims asserted by plaintiff The Church of Prismatic Light are DISMISSED.

3) The clerk's office shall adjust the style of this case accordingly, removing the Djedi Order, d/b/a The Church of Prismatic Light as a plaintiff.

Entered this 29th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge