IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERU SPENCER,

                        Plaintiff,

    v.

THE CHURCH OF PRISMATIC LIGHT,
TIFFANY FAITH WAIT,
and JERI CLARK,

                    Defendants.

ORDER

22-cv-257-wmc

---

Magistrate Judge Anita Marie Boor held a telephonic status conference in this matter on February 25, 2025.  Plaintiff Heru Spencer and defendants Tiffany Wait and Jeri Clark appeared personally and represented themselves.  The defendant Church of Prismatic Light did not appear and remains unrepresented.  The purpose of the status conference was to address any outstanding discovery issues now that the parties have exchanged requests and responses and to review the court's summary judgment procedures.  Judge Boor also addressed defendant Wait's letter regarding certain previous orders filed by the presiding judge.  Dkt. 166.

## A.  Discovery issues

Beginning with discovery, Judge Boor clarified that financial-related discovery would be appropriate if there was a liability finding as to any of plaintiff's claims.  Judge Boor also clarified the process for requesting subpoenas and the obligations of the requesting party. Finally, Judge Boor acknowledged the remaining discovery disputes between the parties.  The clerk's office will send each party a link via their email accounts to discovery materials that plaintiff submitted to the court, including videos and images, in response to defendants'

discovery requests.[1]   In addition, the parties are GRANTED leave to file discovery-related motions to compel information or deposition testimony by **March 18, 2025**.[2]  In preparing such a motion, the parties must reflect on what information they need at the summary judgment stage of the case and do not already possess.  If a party does not need the information to either move for summary judgment or respond to a motion for summary judgment, the discovery request is premature at this juncture.  If the party already possesses information or substantially similar information, the discovery request is not proportional to the needs of the case.  Discovery is not an all-out exhaustive affair—it must be limited to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  So, the parties should think carefully before moving to compel.

The court will review a motion to compel when it is filed and, if necessary, order a response to some or all of the issues raised, and the response will likely be due by the end of March.  To be clear, no response or reply to a discovery-related motion to compel is to be filed without a request from the court.

**B.  Summary judgment procedures**

Judge Boor next reviewed Federal Rule of Civil Procedure 56 and the court's summary judgment procedures with the parties and directed them to review the rule and those procedures as they prepare to file or respond to a summary judgment motion.  *See* Dkt. 39 at pages 4–6 & Attached Pretrial Packet at pages 3–9.  For the parties' benefit, Judge Boor explained the general purpose of summary judgment and how to review and select evidence in

---

[1] These discovery materials are not numbered, and the filenames are not descriptive.  Plaintiff is therefore ORDERED to submit a numbered list of these materials within five days of this order so that the parties and the court can cite them.

[2] The court is shifting this deadline by a week from what it said during the conference to allow time for the file-sharing and filing-numbering tasks ordered below.

preparation for this phase of the case.  Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," even viewing all evidence and drawing all inferences in the light most favorable to the non-moving party.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Under this standard, a plaintiff does not need to prove his case to survive summary judgment—if there is a dispute as to a material fact, summary judgment will be denied, and the case will go to trial.  Judge Boor also clarified that the parties could include arguments for default, sanctions, and dismissal of claims in their summary judgment motions or responses.

**The parties should not file any summary judgment materials until the discovery motions discussed above are ruled on by the court.**  After the court rules on the discovery motions, the parties may begin filing their summary judgment materials, following this schedule:  Summary judgment motions and materials in support are due by **May 1, 2025**, responses are due by **May 30, 2025**, and any replies are due by **June 16, 2025**.  A summary judgment motion or response that does not conform to the court's procedures or requirements may be struck from the record.

## C.  Defendant Wait's letter for clarification, Dkt. 166

Judge Boor addressed defendant Wait's letter seeking clarification of the presiding judge's order dismissing the plaintiff Church of Prismatic Light from this lawsuit and whether the court would impose any sanctions on remaining plaintiff Spencer.  Dkt. 166.  Judge Boor explained that she would refer the letter to the presiding judge for a response because the letter concerned orders Judge Boor did not issue herself.  Although Judge Boor could not predict when the presiding judge would respond, Judge Boor explained that, regardless, the parties were

3

free to argue about the viability of any of the claims asserted in plaintiff's amended complaint

in their summary judgment filings.

### ORDER

IT IS ORDERED that:

1. By **March 6, 2025**, the clerk's office is instructed to send each party a link via their email accounts to plaintiff Heru Spencer's discovery materials submitted in response to defendants' discovery requests and docketed at no. 165.

2. Spencer must submit a numbered list of those materials to the court by **March 11, 2025**.

3. The parties' discovery-related motions to compel are due by **March 18, 2025**. The court will order a response or reply if necessary.

4. Summary judgment motions are due by **May 1, 2025**, with responses due by **May 30, 2025**, and any replies by **June 16, 2025**. Summary judgment motions and responses must conform to the court's procedures and requirements, or they may be stricken from the record. The parties may not file any summary judgment materials until the discovery motions are ruled on by the court.

5. Defendant Tiffany Wait's letter to Judge Boor, Dkt. 166, is referred to Judge Conley, the presiding judge, for a response.

Entered February 27, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge