IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HERU SPENCER,

Plaintiff,

v.

OPINION AND ORDER

22-cv-257-wmc

THE CHURCH OF PRISMATIC LIGHT, TIFFANY FAITH WAIT, and JERI CLARK,

Defendants.

Proceeding pro se and without prepayment of the filing fee, plaintiff Heru Spencer was granted leave to assert trademark infringement and defamation claims against a now defunct, non-profit organization named The Church of Prismatic Light, and two of its former board members, Tiffany Faith Wait and Jeri Clark. (Dkt. #7.) Spencer then retained counsel, who filed an amended complaint naming as a co-plaintiff his own non-profit organization known as the "Djedi Order, doing business as The Church of Prismatic Light." In addition to his original claims for defamation and federal trademark infringement, the amended complaint also asserts claims for: federal unfair competition; unfair and deceptive trade practices in violation of Wisconsin state law; Wisconsin common law and statutory trademark infringement; and federal copyright infringement. (Dkt. #49.) However, counsel for plaintiffs later withdrew, as did counsel for defendants, and the Djedi Order was dismissed after plaintiff Spencer failed to comply with several orders to retain counsel on its behalf. (Dkts. ##77, 101, 164.)

Defendants Wait and Clark have moved for summary judgment on all of plaintiff Spencer's claims. (Dkts. ##205, 211.) Plaintiff Spencer subsequently filed his own

motion for summary judgment on his claims against Wait and Clark, which the court elected to treat as a cross-motion. (Dkts. ##215, 228.) Because plaintiff has failed to identify or come forward with admissible evidence in support of his claims, defendants' motions for summary judgment will be granted and plaintiff's cross-motion will be denied.

## STANDARD OF REVIEW AT SUMMARY JUDGMENT

Before turning to the facts in this protracted, contentious dispute, the court begins by emphasizing the standard of review and local procedures that apply to motions for summary judgment. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The fact that the parties have filed cross-motions for summary judgment does not alter this standard. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002) (citation omitted).

To survive summary judgment, the nonmovant "must go beyond the pleadings (*e.g.*, produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to [reach] a verdict in [their] favor." *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019) (citation and internal quotation marks omitted). Further, while the court views the record "in the light most favorable to the nonmovant and constru[es] all reasonable inferences from the evidence in [their] favor," *Moore v. Western Ill. Corr. Ctr.*, 89 F.4th 582, 590 (7th

Cir. 2023), a nonmovant is only entitled to favorable inferences that are supported by admissible evidence, not those based upon mere speculation or conjecture, *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017), or upon "[c]onclusory statements, not grounded in specific facts," *Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016).

As in every case before this court, the parties were notified of its posted local procedures for seeking and opposing summary judgment, which were also provided in writing at the pretrial conference. (Dkt. #39.) While defendants have substantially complied with those procedures by submitting proposed findings of fact with citations to evidence in the record, plaintiff has not. *See* Proc. to be Followed on Mot. For Summ. Judg., § II(C), (E); *Hedrich v. Bd. of Regents of Univ. of Wisconsin Sys.*, 274 F.3d 1174, 1178 (7th Cir. 2011) (courts are to consider only evidence set forth in proposed finding of fact with proper citation); *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018) (disregarding "submissions that make legal arguments and assert legal conclusions"). Indeed, plaintiff has submitted *no* evidence in response to defendants' motions other than his own declaration, which is itself unsupported by citations to the record much less specific facts. (Dkt. #220.) Instead, he has submitted an "Exhibit Index" of "over 100 supporting documents" (dkt. #218) that he claims were disclosed to defendants in discovery (dkt. #230, at 2), but are not cited to in any of his submissions and are nowhere to be found in the record. Nor has plaintiff addressed some of the arguments raised by defendants in their respective summary judgment motions.

"[D]istrict judges have discretion to enforce the local rules strictly, even against pro se litigants." *Hatton v. Storms*, No. 24-2131, 2025 WL 3562267, at *1 (7th Cir. Dec. 12, 2025) (unpublished) (citing *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021); *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020)). Because all of the parties are pro se, the court exercises its discretion in attempting to address plaintiff's claims and arguments, however, unsupported. *See Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("[W]e have repeatedly held that the district court has broad discretion to require strict compliance with local rules or to relax the rules and excuse noncompliance."). The court will not, however, "dig through the record to find evidentiary support for a party's summary judgment arguments." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.,* 994 F.3d 869, 876 (7th Cir. 2021). Nor is the court obligated to conduct research or develop arguments on behalf of a party. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *see also Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

As the Seventh Circuit has explained, the "party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Mahran v. Advoc. Christ Med. Ctr.*, 12 F.4th 708, 713 (7th Cir. 2021) (citation and internal quotations omitted); *see also Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) (reiterating that "it is 'not the duty of the district court to scour the record in search of material factual disputes'") (citations omitted). While plaintiff's unrepresented status entitles him to liberal construction of his filings, that "pro

se status doesn't alleviate his burden on summary judgment." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011). Accordingly, absent contrary evidence advanced by plaintiff, proposed findings of fact supported by defendants' persuasive evidence are deemed undisputed. Similarly, to the extent that plaintiff has not addressed arguments advanced by defendants as to several of his claims, those claims are deemed waived. *See Crothersville Lighthouse Tabernacle Church, Inc. v. Church Mut. Ins. Co., S.I.*, 168 F.4th 483, 490-92 (7th Cir. 2026); *see also Nichols v. Michigan City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment.").

## UNDISPUTED FACTS[1]

Plaintiff Heru Spencer is a citizen of Montana, although he resided in Madison, Wisconsin, at the time this suit was filed. (Dkt. #1, at 5.) Defendant Wait is a citizen of Oklahoma and defendant Clark currently resides in California.

In April 2022, defendants Wait and Clark co-founded and incorporated as a non-profit in Oklahoma "The Church of Prismatic Light" as a religious organization that advocated for "LGBTQ+ rights."[2] Around that same time, the organization filed for a trademark with the U.S. Patent and Trademark Office depicted below and described as:

[1] As just addressed above, unless otherwise indicated, the facts in this section are taken from the parties' proposed findings of fact to the extent that they have complied with the court's summary judgment procedures.

[2] The term "prismatic" is defined as the spectrum of colors formed by a prism, and "prismatic light" is similarly defined as "resembling the colors formed by the refraction of light through a prism." Webster's Third New International Dictionary 1084 (1981).

"[a] multi-colored prismatic heart circled by a bronze banner with 'the church of' arched above it and the 'Prismatic Light' on the banner to form The Church of Prismatic Light."[3]

The goods and services reportedly provided under this proposed mark included unspecified "religious ceremonies" and organization of "religious meetings," with its first use reportedly occurring on April 4, 2022. Wait also sought and received a registered copyright for The Church of Prismatic Light's tenets of faith, which were posted on the organization's website. (Dkts. ##29-3, 29-5.)

Around this same time, Wait also publicly announced the organization's formation on her TikTok account, and invited others to apply for board membership. Hundreds of people responded, including plaintiff Spencer, who introduced himself as the founder of the Djedi Order and expressed an interest in applying. According to Spencer, the Djedi Order refers to Jedi tenets that are based on "the popular Star Wars franchise." (Pl.'s Am.

---

[3] USPTO's Trademark Electronic Search System at https://tmsearch.uspto.gov/ (last accessed June 17, 2026).

Comp. (dkt. #49, ¶ 1).) After Wait and Clark spoke with Spencer, they denied his application to join as a board member for their organization.

Immediately after his rejection, Spencer began posting TikTok videos attacking Wait and her family, including her children. On May 2, 2022, Spencer then filed for a registered trademark in Montana for the name "The Church of Prismatic Light." On the same date, he also applied for a registered trademark with the U.S. Patent and Trademark Office for the following monochromatic proposed mark:

THE CHURCH OF PRISMATIC
LIGHT

The goods and services offered are described as "[r]eligious and spiritual services, namely, conducting religious worship, marriage ceremonies, baptismal ceremonies, [and] baby dedications."[4] Spencer reported in his trademark application that the mark was first used on May 2, 2020. That trademark was officially registered on September 10, 2024.

Spencer filed this lawsuit in May 2022, accusing Wait, Clark, and others associated with them of trademark infringement, claiming that he started his version of The Church of Prismatic Light in Montana, Wisconsin, California, and other states *before* defendants had formed their organization bearing the same name in Oklahoma, adding that his church entity had engaged in "internet meetings" in 2020 and 2021.[5] Subsequently, Spencer

---

[4] USPTO's Trademark Electronic Search System at https://tmsearch.uspto.gov/ (last accessed June 17, 2026).

[5] Spencer also originally sued Katrina Rose Wolff and Ida Hamilton, but they were dismissed as defendants after he failed to serve them. (Dkt. #123.)

applied for a registered copyright for "Djedi Tenets" that were nearly identical to the tenets of The Church of Prismatic Light posted by Wait on that entity's website. (Dkts. ##29-1, 29-2.)

To further complicate matters, by June 2022, Wait formally left The Church of Prismatic Light that she had founded with Clark. Since then, Wait has had no involvement with that organization or its board members. Further, the trademark that Wait applied for was never registered and was deemed abandoned in September 2023.[6] Until 2023, however, Clark served as president of their version of The Church of Prismatic Light, at which time it was rebranded as "The Prism Sanctuary." In turn, that entity ceased operations entirely and became defunct in 2024.

OPINION

## I. Federal and State Common Law Trademark Infringement

Plaintiff's primary claim is that defendants Wait and Clark infringed on his trademark for The Church of Prismatic Light by using an "identical mark" in violation of the Lanham Act and state common law.[7] (Pl.'s Am. Compl. (dkt. #49, ¶¶ 25-28, 38).)

---

[6] USPTO's Trademark Electronic Search System at https://tmsearch.uspto.gov/ (last accessed June 17, 2026).

[7] Plaintiff also alleges that defendants infringed on his trade dress in violation of federal and state law. (Pl.'s Am. Compl. (dkt. #49, ¶¶ 25-26, 34-35, 39).) However, "trade dress" refers to "a product design that is so distinctive it identifies the product's source." *Republic Tech. (NA), LLC v. BBK Tobacco & Foods, LLP*, 135 F.4th 572, 582 (7th Cir. 2025) (citation omitted); *see also Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1151 (7th Cir. 1994) ("'Trade dress' refers to the total image of a product, including size, shape, color combinations, graphics, packaging and label.") However, plaintiff neither alleges nor offers any evidence that this case involved any actual product with a distinct or protectable design. Because he has made no effort to demonstrate an actionable

The Lanham Act governs trademarks, service marks, and unfair competition, 15 U.S.C. § 1125(a), and is generally intended to protect individuals and businesses from unfair practices by competing entities. Specifically, Section 43(a) of the Lanham Act creates a federal civil remedy against any person who uses in commerce "any word, term, name, symbol, or device" or "any false designation of origin" if it "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1).

To begin, plaintiff has not demonstrated that defendants' trademark was identical to his. Thus, it appears that he only takes issue with the name chosen by defendants for their non-profit organization, arguing that use of "The Church of Prismatic Light" itself constitutes an infringement in violation of trademark law. Certainly, the names of religious institutions *are* protectable under trademark law. *See, e.g.*, *TE-TA-MA Truth Foundation – Family of URI, Inc. v. World of Church Creator*, 297 F.3d 662, 667 (7th Cir. 2002) ("World Church of the Creator" was enjoined from use by defendant as an infringement on plaintiff's "Church of the Creator" trademark).

To prevail on a trademark infringement claim under either the Lanham Act or state common law, however, plaintiff must present evidence from which a reasonable trier of fact could find that: (1) he owns a protectable trademark, and (2) a likelihood of confusion exists between his use and defendants' use of the mark. *Meridian Mut. Ins. Co. v. Meridian*

claim for trade dress infringement under federal or state law, those claims are waived and will not be addressed further.

*Ins. Group*, 128 F.3d 1111, 1115 (7th Cir. 1997); *Madison Reprographics, Inc. v. Cook's Reprographics, Inc.*, 203 Wis. 2d 226, 234, 552 N.W.2d 440, 444-45 (Ct. App. 1996) (citing *First Wis. Nat'l Bank v. Wichman*, 85 Wis. 2d 54, 64-66, 270 N.W.2d 168, 173-74 (1978)) ("In order to prevail on [a state common law trademark or trade name infringement] claim, the plaintiff must show that a designation meets the definition of trademark or trade name and that the defendant's use of a similar designation is likely to cause confusion."). As discussed below, plaintiff satisfies neither element here because he advances no more than perfunctory argument in moving for summary judgment and offers no evidence in support of his infringement claim. (Dkt. #216, at 2.) Similarly, plaintiff does little more in his response to defendants' respective motions for summary judgment on those claims. (Dkt. #222, at 2; Dkt. #223, at 2.)

**A. Ownership**

Defendants point out that plaintiff did not even seek to register "The Church of Prismatic Light" as a trademark until after defendant Wait had already announced the formation of their non-profit organization *and* registered it in Oklahoma in April 2022. Defendants argue, therefore, that plaintiff cannot satisfy the first element of his trademark infringement claims, having failed to present evidence showing that he owned The Church of Prismatic Light as an unregistered trademark *before* defendants' actual *use* of that mark for their non-profit organization.[8] (Dkt. #206, at 4; Dkt. #212, at 2-3.) *See S.C. Johnson*

[8] Neither party disputes that plaintiff's mark is sufficiently distinctive for purposes of protection as common law marks under the Lanham Act. 15 U.S.C. § 1052(e)-(f); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). As a result, the court does not address this issue further.

& *Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (it is a "bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual *use* in the market") (emphasis added) (quotations omitted).

"The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade." 15 U.S.C. § 1127. For services, a mark is "used" in commerce "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services." *Id*. While plaintiff *alleges* that the Djedi Order first used The Church of Prismatic Light in March 2020, he offers no details about that use, nor more importantly at summary judgment, has he pointed to any admissible *evidence* in the record to support its alleged use in commerce as required by 15 U.S.C. § 1127.[9]

When a party to a trademark infringement suit fails to produce any documentary evidence of bona fide, prior use of a mark in commerce, summary judgment is appropriate. *See Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1090 (C.D. Cal. 2006) ("Because of the absence of evidence that the mark was used in commerce, defendant has

[9] Defendants note further that plaintiff admitted during discovery that he gave his rights to the disputed trademark to the Djedi Order, raising a question about whether he even has standing to assert infringement claims since that entity is not a party. (Dkt. #158, at 6; Ex. B to Wait Decl. (dkt. #207-3) at ¶ 13.) Because plaintiff also represents in a discovery response that the trademark is actually "owned by [him] and not the Djedi Order church," the court does not address defendants' arguments about standing further, except to note that plaintiff was ordered to show cause in writing by January 28, 2025, clarifying ownership of the disputed trademark (dkt. #155, at 5), but has ignored that order.

failed to offer evidence that establishes . . . any trademark rights [in the mark].”). Because plaintiff has failed to present any such evidence, his unsupported, conclusory declaration is insufficient to defeat summary judgment. *See Black & Decker Corp. v. Positec USA Inc.*, No. 11-cv-5426, 2015 WL 1543262, at *15 (N.D. Ill. March 31, 2015) (“Conclusory statements about infringement without evidentiary backing are insufficient to create a genuine dispute of material fact.”) (citation omitted).

As the Seventh Circuit has explained, summary judgment is the “put up or shut up moment in litigation” where “the non-moving party is required to marshal and present the court with the evidence [he] contends will prove [his] case.” *Goodman v. Nat’l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (citation and internal quotation marks omitted). Specifically, “summary judgment requires a non-moving party to respond to the moving party’s properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.” *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted). While the court has generally reviewed plaintiff’s submissions and attempted to locate support for his allegations, “judges and adverse parties need not try to fish a gold coin from a bucket of mud.” *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Because plaintiff has not met his burden to present evidence from which a reasonable jury could conclude that he owned the disputed trademark based on prior use in commerce, defendants are entitled to summary judgment on this issue.

**B. Likelihood of Confusion**

In addition, defendants point out that plaintiff has presented no evidence

establishing the likelihood of consumer confusion based on defendants' previous use of The Church of Prismatic Light. (Dkt. #206, at 2-3; Dkt. #212, at 2-3.) "The 'keystone' of trademark infringement is 'likelihood of confusion' as to source, affiliation, connection or sponsorship of goods or services among the relevant class of customers and potential customers." *Sorensen v. WD-40 Co*., 792 F.3d 712, 726 (7th Cir. 2015) (quoting *Sands, Taylor & Wood Co. v. Quaker Oats Co*., 978 F.2d 947, 957 (7th Cir. 1992)). "To decide whether there is a likelihood of confusion . . . a court must ask whether consumers, and specifically consumers who would use either product, would be likely to attribute them to a single source." *Id*. (citing *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc*., 653 F.3d 448, 455 (7th Cir. 2011)). Possible confusion is not enough; rather, confusion must be "probable." *Id*. (citation omitted).

As the party charging infringement, plaintiff had the burden of proving likelihood of confusion, which "requires a showing that the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 117-18 (2004). To make a determination on likelihood of confusion, courts in the Seventh Circuit consider the following seven factors: "(1) the similarity between the marks; (2) the similarity of the [services]; (3) the area and manner of concurrent use; (4) the degree of care consumers are likely to use; (5) the strength of plaintiff's mark; (6) actual consumer confusion; and (7) the defendant's intent to 'palm off' its [services] as that of another." *Uncommon, LLC v. Spigen, Inc*., 926 F.3d 409, 425 (7th Cir. 2019). None of these factors alone are dispositive, but the similarity of the marks, the defendant's intent, and actual

confusion are usually the most important. *Id*. In this case, all three of those factors favor defendants.

First, as reflected above, the respective trademarks for the parties' non-profit entities are not identical. While plaintiff is correct that the *words* are the same, the appearance and placement of the words are not such that a consumer of religious services would automatically associate one organization with the other. Indeed, defendants' now-abandoned mark, featuring the words "The Church of" and "Prismatic Light" emblazoned over and across a multicolored heart with prismatic characteristics, was far more distinctive than plaintiff's comparatively plain mark, which consists solely of the unadorned words "The Church of Prismatic Light" in black typeface.

Second, plaintiff presents no evidence that defendants adopted The Church of Prismatic Light with any intent to pass off their services as those of plaintiff's. *See Packman v. Chicago Tribune Co*., 267 F.3d 628, 644 (7th Cir. 2001). Because plaintiff's bare assertions to the contrary are unsupported by evidence, they are insufficient to create a genuine dispute of material fact on this issue. *Id*. at 645.

Third, plaintiff points to no evidence that consumers were actually confused by defendants' use of The Church of Prismatic Light. While actual confusion is not required to show a likelihood of confusion, *Sands, Taylor & Wood Co*., 978 F.2d at 960, it is one of the more important factors. *Uncommon, LLC*, 926 F.3d at 425. Moreover, evidence showing that customers were actually confused is highly probative of the ultimate question whether a likelihood of confusion exists. *Epic Sys. Corp. v. YourCareUniverse, Inc*., 244 F. Supp. 3d 878, 891 (W.D. Wis. 2017).

Finally, plaintiff presents no evidence that defendants' use of The Church of Prismatic Light conflicts with any ongoing use. The key question relevant to this factor is whether plaintiff and defendants are using the disputed mark to compete for the same customers. *Epic Sys. Corp.*, 244 F. Supp. 3d at 900 (citations omitted). Here, it is undisputed that: defendant Wait left the organization in June 2022; the entity she originally formed with Clark rebranded as The Prism Sanctuary in 2023; and even Prism Sanctuary ceased operations entirely in 2024. As a result, this factor also favors defendants.[10]

Because all of the relevant factors favor defendants, and plaintiff has not cited to any record evidence showing a likelihood of confusion, plaintiff has failed to establish that a reasonable jury could find in his favor on this element either. While likelihood of confusion is usually a fact question reserved for a jury, summary judgment is appropriate when the plaintiff has not met its burden. *See Epic Sys. Corp.*, 244 F. Supp. 3d at 891 ("the Seventh Circuit has not hesitated to decide likelihood confusion as a matter of law on summary judgment when the plaintiff has not met its burden.") (collecting cases affirming dismissal where the plaintiff did not establish likelihood of confusion).

Therefore, defendants are entitled to summary judgment on plaintiff's trademark infringement allegations under both the Lanham Act and common law. For the same reason, plaintiff's cross-motion for summary judgment on this claim will also be denied.

---

[10] Neither defendant raised the affirmative defense of abandonment, nor briefed whether it applies. Nevertheless, the non-use for the past several years by defunct entities is prima facie evidence of abandonment. *See* 15 U.S.C. § 1127 (defining abandonment as discontinuance, with no intent to resume use, which may be inferred from circumstances).

## II. State Statutory Trademark Infringement

Plaintiff further claims that defendants violated Wisconsin statutory law by engaging in trademark infringement. (Pl.'s Am. Compl. (dkt. #49, ¶ 39).) Wisconsin law includes a statutory cause of action for infringement of trademarks and trade names. Wis. Stat. ch. 132; *Ritter v. Farrow*, 2021 WI 14, ¶ 25, 395 Wis. 2d 787, 955 N.W.2d 122. Specifically, Wis. Stat. § 132.033(1) provides a cause of action to "[e]very person, association or union adopting or using a mark" against a party who uses or displays a "counterfeit mark identical or substantially identical" to the mark, provided that the mark has been registered. *See also* Wis. Stat. § 132.001(2) (defining "mark" to require registration under Wis. Stat. § 132.01); *see also* Wis. Stat. § 132.16(6) (prohibiting use of an organization's registered, identifying information without authorization).

Defendants argue that this claim must be dismissed for lack of evidence. Plaintiff has presented no argument or evidence showing that he ever successfully registered his trademark with the State of Wisconsin. As a result, plaintiff cannot prevail on a trademark infringement claim under Wisconsin law. Regardless, because no reasonable jury would conclude that defendants violated Wis. Stat. § 132.033(1), they are entitled to summary judgment on this claim. *See Crothersville Lighthouse Tabernacle Church, Inc.*, 168 F.4th at 490-92; *Nichols*, 755 F.3d at 600.

## III. Federal and State Law Unfair Competition

Plaintiff similarly claims that by infringing on his trademark for The Church of Prismatic Light, defendants Wait and Clark engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and Wisconsin state common law. (Pl.'s Am.

Compl. (dkt. #49) ¶¶ 30, 34.) "The analysis is essentially the same for unfair competition under the Lanham Act and under the common law," both of which require plaintiff to establish a likelihood of confusion. *Children's Med. Grp., Inc. v. Lake Cnty. Pediatrics, S.C.*, 417 F. Supp. 3d 1152, 1156 (E.D. Wis. 2019); *see also CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001) (to establish trademark infringement or unfair competition, a plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers); *Echo Travel, Inc. v. Travel Assocs., Inc.*, 870 F.2d 1264, 1266 (7th Cir. 1989) (Wisconsin common law unfair competition claim requires (1) validity of the mark in question and (2) a likelihood of consumer confusion).

Just as with his trademark-infringement claim, plaintiff's unfair-competition claims fail for lack of evidence. Plaintiff has not pointed to any evidence in support of his claim of confusion amongst consumers or other members of the public who might be interested in his non-profit. Thus, for the same reasons discussed above, plaintiff fails to show that a reasonable jury would conclude that defendants engaged in unfair competition by infringing on his trademark. The court concludes, therefore, that defendants are entitled to summary judgment on this claim and that plaintiff's cross-motion must be denied.

## IV. State Law Deceptive Trade Practices

Plaintiff next alleges that defendants' use of an "identical mark" violates Wisconsin state law prohibiting deceptive trade practices. (Pl.'s Am. Compl. (dkt. #49, ¶ 34).) Claims arising under the Wisconsin Deceptive Trade Practices Act ("WDTPA"), codified at Wis. Stat. § 100.18, "have three required elements: '(1) the defendant made a

representation to the public with the intent to induce an obligation, (2) the representation was untrue, deceptive or misleading, and (3) the representation materially induced (caused) a pecuniary loss to the plaintiff.'" *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021) (quoting *Novell v. Migliaccio*, 2008 WI 44, ¶ 44, 309 Wis. 2d 132, 749 N.W.2d 544).

Defendants argue that this claim must be dismissed because plaintiff has failed to produce any evidence during discovery of a pecuniary loss or other damages that are attributable to their use of The Church of Prismatic Light. More specifically, defendant Clark argues that plaintiff fails to show she made any representation that was untrue, deceptive, or misleading with the intent to induce an obligation by a consumer or any representation at all that materially induced a consumer's decision, causing plaintiff to suffer a pecuniary loss. (Dkt. #212, at 6.) Not only failing to cross-move for summary judgment, plaintiff appears to have abandoned his trade practices claim altogether, having neither responded to defendants' arguments, nor identified a specific false statement by one of the defendants. Even more fundamentally in the face of defendants' summary judgment motions, plaintiff produced no evidence that he suffered any pecuniary loss as the result of any such statement. (Dkts. ##216, 222, 223.) Accordingly, defendants are entitled to summary judgment in their favor on this claim as well.[11] *See Crothersville Lighthouse Tabernacle Church, Inc.*, 168 F.4th at 490-92; *Nichols*, 755 F.3d at 600.

---

[11] Even if not waived, plaintiff cannot prevail on a claim under the WDTPA because his claim, as pleaded, is based on representations allegedly made to the *public*, not to plaintiff. (Pl.'s Am. Compl. (dkt. #49, ¶ 34).) This court has repeatedly held that the WDTPA does not afford a cause of action for one vendor against a competitor for representations made to third parties. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 923-24 (W.D. Wis. 2010); *see also Spacesaver Corp. v. Marvel*

## V. Federal Copyright Infringement

Plaintiff further claims that defendants violated federal copyright law by knowingly copying and using copyrighted materials owned by him. (Pl.'s Am. Compl. (dkt. #49, ¶ 42).) To succeed on this claim, plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC, v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Defendants argue that plaintiff cannot prevail on this claim because he did not identify in discovery (1) any original, copyrighted work owned by him that (2) has been infringed. (Dkt. #206, at 3; Dkt. #212, at 10-11.) To the extent plaintiff identifies the "Djedi Tenets" of his faith, defendant Clark argues further that copyright law only protects the expression of ideas, not the ideas themselves. 17 U.S.C. § 102(b) (barring copyright protection for ideas). In addition, Clark offers evidence that plaintiff's claim rests on tenets of faith based on ideas that *he* actually copied from defendants' public content, which undermines his claim that defendants copied his *original* work.[12] (Dkt. #212, at 10-11.)

---

*Group, Inc.*, 621 F. Supp. 2d 659, 663-64 (W.D. Wis. 2009) ("[I]f § 100.18 extends to misrepresentations made to nonparties, application of the statute becomes almost nonsensical."); *Willert v. Andre*, No. 17-cv-496-jdp, 2017 WL 5033658, at *5 (W.D. Wis. Oct. 31, 2017) ("Here, the purpose of the DTPA and the Wisconsin Supreme Court's interpretation of the DTPA . . . are persuasive indications that were this issue to come before the Wisconsin Supreme Court, it would hold that a business cannot state a claim for misrepresentations made by its competitor to a third party."). For this additional reason, plaintiff's WDTPA claim fails as a matter of law.

[12] Plaintiff previously presented an exhibit featuring a list of tenets for his Church of Prismatic Light, and a copyright for "Djedi Tenets," which was registered as of June 23, 2022, after the alleged use by Wait, who accused plaintiff of copying *her* Church of Prismatic Light's Seven Tenets of Faith, which were registered as of May 23, 2022, according to public records from the U.S. Copyright Office. (Dkts. ##29-2, 29-5.)

Again, plaintiff did not move for summary judgment on this claim, but more importantly, has not responded to any of the defendants' arguments for entry of summary judgment against him. (Dkts. ##222, 223.) Accordingly, he has waived this claim by failing to defend it as well. *See Crothersville Lighthouse Tabernacle Church, Inc.*, 168 F.4th at 490-92; *Nichols*, 755 F.3d at 600. As a result, defendants are also entitled to summary judgment on plaintiff's federal copyright infringement claim.

## VI. Defamation

Finally, plaintiff claims that defendants and other members of The Church of Prismatic Light as formed by Wait and Clark in April 2022 have defamed him on social media, exposing him to "hatred, contempt, ridicule, degradation or disgrace in society as well as injury to his non-profit[.]" (Pl.'s Am. Compl. (dkt. #49, ¶ 45).) Despite being asked to do so in discovery, defendants argue that plaintiff's defamation claim fails as a matter of law because he has still not identified any specific false statement made against him. (Dkt. #206, at 5; Dkt. #212, at 11.)

In Wisconsin, a defamation claim that does not involve a public figure requires proof of the following elements:

> (1) a false statement; (2) communicated by speech, conduct, or in writing to a person other than the person defamed; and (3) the communication is unprivileged and is defamatory, that is, tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

*Amoroso v. Schuh*, 278 F. Supp. 3d 1106, 1111 (W.D. Wis. 2017) (quoting *In re Storms*, 2008 WI 56, ¶ 38, 309 Wis. 2d 704, 750 N.W.2d 739). Determining whether a statement is capable of defamatory meaning requires a court to consider the words and statements in

the context of the communication as a whole. *Westby v. Madison Newspapers, Inc.*, 81 Wis. 2d. 1, 6, 259 N.W.2d 691 (1977); *Frinzi v. Hanson*, 30 Wis. 2d 271, 276, 140 N.W.2d 259 (1966). Thus, to state a defamation claim, "the particular words complained of shall be set forth in the complaint." Wis. Stat. § 802.03; *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007).

Unfortunately for plaintiff, his amended complaint still does not identify *any* specific false statement about him that was communicated to anyone by the defendants. Plaintiff has further provided no evidence of any particular false statement, either in his response to defendants' summary-judgment motions or his cross-motion. (Dkts. ##216, 222, 223.) This is fatal to his claim.

Defendants also argue that plaintiff refused to disclose in discovery any evidence of reputational harm or calculations of his alleged financial loss to substantiate his claim for defamatory damages, despite being ordered to do so. (Dkt. #155.) Regardless, at summary judgment, plaintiff still has provided no such evidence, nor has he responded to defendants' argument in favor of summary judgment. (Dkts. ##222, 223.) For this additional reason, plaintiff's defamation claim cannot survive. *Jones v. Heartland Employment Servs., LLC*, 721 F. App'x 547, 548 (7th Cir. 2018). Absent evidence from which a reasonable jury could find in plaintiff's favor, the court must grant defendants' motions for summary judgment on his defamation claim and plaintiff's cross-motion must be denied.

Because plaintiff has failed to support any of his claims in response to defendants' requests for discovery and their respective motions for summary judgment, the proverbial "put up or shut up" time in any lawsuit, this long-running, acrimonious dispute between

the plaintiff and the individual defendants must end.[13] Therefore, defendants' motions for summary judgment will be granted and plaintiff's motion will be denied.

Moreover, as plaintiff has made no effort to pursue claims against the now-defunct non-profit formed by defendants Wait and Clark, despite ample notice that he had to come forward with all of his evidence and arguments, the court will dismiss those claims against defendant The Church of Prismatic Light for want of prosecution pursuant to Fed. R. Civ. P. 41(b). *See William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district courts possess inherent authority to dismiss a case *sua sponte* for want of prosecution to "achieve the orderly and expeditious disposition of cases"); *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning). Since the deadline for dispositive motions expired over a year ago, and plaintiff has not pursued any request for default following withdrawal of

[13] The record documents the parties' bitter feud, which has included allegations of cyberbullying and online harassment on both sides, requiring multiple orders from this court as well as hearings before Magistrate Judges Stephen Crocker and Anita Boor to resolve discovery issues and other pretrial disputes. (Dkts. ##81-82, 84, 89, 91, 102, 111, 121, 126, 146, 149, 155, 166, 167, 177-179, 194, 198.) Despite the effort and expenditure of judicial resources to bring closure to this case, both defendants have moved for sanctions against plaintiff for ignoring court orders to compel discovery and for engaging in abusive litigation conduct. (Dkts. ##188-189, 206, 215.) Plaintiff, similarly, accuses both defendants of spoliation of evidence for deleting their Tik Tok accounts, Google drives, and other unspecified "Church-related" records. (Dkt. ##222-223.) Because the alleged conduct is not alleged to have impaired plaintiff's ability to respond to defendants' summary-judgment motions or support his claims, the requests for sanctions will be denied as moot.

counsel,[14] he appears to have abandoned any claim against this non-profit entity, formerly operated by the individual defendants as The Church of Prismatic Light.

Even if plaintiff were entitled to entry of default against the defunct non-profit, however, he has not come forward with evidence of injury or damages attributable to his claims against any of the named defendants. Nor does it appear based on the discussion of plaintiff's claims against Wait and Clark that plaintiff would be entitled to default judgment based on a monetary loss. *See* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2019) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."); *accord Abdul-Wadood v. Bayh*, 85 F.3d 631, 1996 WL 219068, at *1 (7th Cir. 1996) (unpublished) ("The entry of a default order does not automatically mean that a default judgment will be entered. The court must first assure itself that the complaint supports the right to relief."). Therefore, this case is resolved in its entirety, including any claim for default judgment that plaintiff may have, but has not, sought.

---

[14] While represented by counsel, defendants Wait and The Church of Prismatic Light filed a joint answer to plaintiff's original and amended complaints. (Dkts. ##24, 50.) After defense counsel withdrew, these defendants were also told that The Church of Prismatic Light could not represent itself and required substitute counsel, which Wait and Clark represented that they could not afford to hire. (Dkt. #164, at 3 n.1.) Plaintiff has not included defendant The Church of Prismatic Light in his motion for summary judgment, which concerned only his claims that defendants Wait and Clark (1) misappropriated his trademark, (2) falsely presented themselves as founders of The Church of Prismatic Light, and (3) defamed him. (Dkt. #216.) Nor did he move or re-urge one of his previously filed motions for a default judgment, despite being advised by Magistrate Judge Boor at a status conference on December 12, 2024, that entry of default was a potential consequence if the defendant non-profit entity remained unrepresented. (Dkt. #126.)

ORDER

IT IS ORDERED that:

1) The motions for summary judgment filed by defendant Tiffany Faith Wait and Jeri Clark (dkts. ## 205, 211) are GRANTED.

2) The motion for summary judgment filed by plaintiff Heru Spencer (dkt. #215) is DENIED.

3) Plaintiff's claims against The Church of Prismatic Light are DISMISSED.

4) All other pending motions are DENIED as moot.

5) The clerk's office is directed to enter judgment accordingly and to close this case.

Entered this 30th day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge